HORATIO W. SOUTHWORTH *vs.* FLORENCE C. TREADWELL.

Suffolk.     March 26, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Reduction of Alimony on Remarriage of Libellant.*

Alimony, though granted by a decree of the court in pursuance of an agreement of the parties, is not a vested right beyond the power of the court to change, and the remarriage of the wife is *prima facie* cause for its reduction to a nominal sum.

PETITION for the reduction of alimony.

The petition alleged that on June 5, 1890, a divorce from the petitioner was granted to the respondent on the ground of desertion, with an allowance of one hundred and fifty dollars a month as alimony; that on January 23, 1896, the respondent was married to one Treadwell, with whom she thereafter lived, and that the payment of the alimony as required by the decree was a burden upon the petitioner. The prayer of the petition was that the order as to alimony should be revoked, or the alimony reduced.

The answer alleged that the decree as to alimony was based upon an agreement to the same effect between the parties, and that it was therefore a vested interest which could not be avoided by a subsequent decree; that the remarriage of the respondent had not materially changed her circumstances, and that the continued payment of alimony was necessary to her support ; and denied that its payment was a burden to the petitioner.

The case was heard in the Superior Court, upon an agreed statement of facts, by *Lilley*, J., who granted the prayer of the petition, and reduced the alimony to one dollar a year, and afterwards, at the request of the parties, reported the case for the determination of this court, in substance as follows.

The petitioner and respondent were married on October 21, 1861, and the respondent obtained a divorce from the petitioner for desertion on June 5, 1890. Subsequently, the parties agreed in writing that alimony should be allowed to the respondent at the rate of $150 per month, and on June 21, 1890, this agreement

was adopted as the order of the court, and ordered to be embodied in the decree absolute when such decree, if any, should be entered.    On March 3, 1891, the divorce was made absolute. At the hearing on this petition, the respondent admitted her marriage to one Treadwell, who was present with her in court, but there was no other evidence.

The respondent requested the judge to rule that the alimony was a vested right which the court had no power to disturb, and that in order to maintain this petition the petitioner was bound to show that, by her remarriage, the respondent's financial condition was so changed that she did not need the alimony allowed to her.

The judge declined to rule as requested, and, at the request of the petitioner, ruled that the remarriage of the respondent was *prima facie* cause for the reduction of alimony to a nominal sum. The respondent alleged exceptions.

If the rulings and refusals to rule were right, the decree reducing the alimony was to be affirmed ; otherwise, the case was to stand for further hearing.

*R. H. Roy,* (of New York,) for the respondent.

*T. H. Gage, Jr.,* for the petitioner.

BARKER, J.    The court was right in declining to rule as requested by the respondent, and in the ruling given at the request of the petitioner.    The stipulation for alimony to be decreed in the suit for divorce added nothing to the force of the decree, and did not affect the power of the court to change the rights of the parties by further orders or decrees respecting alimony. Pub. Sts. c. 146, § 39.    Upon the petition the court had power to revise and modify the decree, as it deemed reasonable upon all the circumstances of the case.    *Graves* v. *Graves,* 108 Mass. 314, 321.    *Foster* v. *Foster,* 130 Mass. 189, 191.

Whether the respondent's remarriage had in fact so changed her financial condition that she did not need the provision made for her by the original decree, was a matter upon which either party could offer evidence.    It was not alleged as a ground of the petition that her financial situation had been so changed, and the answer alleged that it was not materially different. The omission of the petitioner to introduce evidence to disprove an allegation made by the answer did not deprive him of the

right to ask for a revision of the former decree upon such facts as appeared at the hearing. The remarriage was admitted, and although the respondent and her husband were in court, she introduced no evidence. The remarriage was a material change in the circumstances of the respondent, giving her the right to be supported by another man. In the absence of proof that this right was not adequate to all her needs, the court might well deem it sufficient cause for revising the former decree, and for reducing the alimony to a nominal sum, and was right in ruling that *prima facie* it was such cause.            *Decree affirmed.*