# Jones *v.* Jones.

*Petition for an Order for Collection of Alimony awarded under a Former Decree.*

1. *Chancery practice; reservation of right to enforce decree upon the happening of contingency.*—Where a court of equity renders a decree providing for payments of money in the future, and the ability of the party to pay against whom the decree is rendered is dependent upon future contingencies, it is proper for the court to reserve the power to control the en-

forcement and execution of its decree.

2. *Alimony; petition for collection under a former decree.*—Where a .court of equity having granted a decree for divorce and alimony, reserving the .power to control the enforcement and execution of its decree, renders a decree for unpaid alimony, upon which decree execution is issued, and the decree, on account of the poverty of the defendant, provides that no other or further execution shall be issued until the further order of the court, and complainant files a petition for collection of unpaid alimony, and the petition does not aver any change in the financial condition of the defendant since the rendition of the last decree, or that he is able to further pay alimony, and the answer of the defendant shows a continuation of his poverty-stricken condition, it is proper to dismiss the petition.

.,APPEAL from Fayette Chancery Court. .
Heard before the Hon. JOHN C. CARMICHAEL.
A sufficient statement of facts appears in the opinion.

GEORGE A. EVANS, for appellant, cited Code, 1896 § 857; *Allen v. Allen,* 80 Ala. 106; Freeman on Executions, §§ 23, 32; *Stafford v. Bank,* 17 How. 275; *Posey v. Pressley,* 60 Ala. 248.

DANIEL COLLIER, *contra.*—Freeman on Executions, § 32; *Rutland's Adm. v. Pippin,* 7 Ala. 469; 5 Am. & Eng. Ency. Law, 371; *Jones v. Wilson,* 54 Ala. 50; 5 Am. & Eng. Ency. Law, 374; 24 Mich. 176; *Edwards v. Edwards,* 71 Ala. 83.

DOWDELL, J.—The appellant filed her petition in the chancery court, praying that under a former decree of said court, in the case of *Josephine E. Jones v. William W. Jones,* an order be made awarding her an execution under said decree, for the collection of alimony which had accrued to her, and further praying for a reference to the register to ascertain the amount of alimony then due her by the defendant in the petition under said former decree of the court.. This petition was answered by the defendant, William W. Jones, and proof was taken and the cause submitted on petition,

answer and proof, and a decree rendered dismissing said petition. From this decree the present appeal is prosecuted.

The only question involved in this litigation is as to whether, under the facts of the present case, the chancery court had the right and power to control its process for the enforcement of its former decree, and further, the right to deny to petitioner an execution on said decree.

The following facts are shown by the record: On the 3d day of July, 1891, the court rendered a decree on a bill filed by the petitioner against the defendant, divorcing both parties from the bonds of matrimony, and further decreed to the complainant in said cause temporary alimony and attorney's fees, and also decreed to the complainant permanent alimony fixed in the sum of $25, payable by the defendant on the 3d day of each succeeding month thereafter. This decree further provided that "upon the failure to pay such monthly installment, the court reserves the right to make the necessary orders for the coercion of the defaulting installments; and the court will retain the case on the docket for such orders as may be necessary in the premises." An appeal was taken from this decree to this court, and the same was by this court affirmed, with the modification that the permanent alimony fixed by the chancery court be reduced to $15 per month. It will be observed that this decree did not award an execution, but on the contrary reserved to the court the right to make the necessary orders for the collection of the installments as fixed, as well as necessary orders in the premises. Under this decree the defendant paid monthly installments of alimony up to the year 1894, when default was made. In 1895 the petitioner filed her petition in said chancery court, praying for an execution to issue for the collection of the alimony which had accrued and was then due her under said decree. The record recites that an answer and cross-petition were filed to this petition by the defendant, and that the cause was then submitted upon the petition, cross-petition and proof then taken. A decree was rendered on this petition on the 23d of

September, 1896, in which an execution was awarded to the complainant for the collection of alimony which had accrued to her under the former decree up to the date of filing said petition, amounting to the sum of $270. It was provided in this decree of September 23d, among other things, as follows: "And the court being satisfied from the proof that defendant, W. W. Jones, is by reason of his poverty unable to make other payments, it is therefore ordered, adjudged and decreed that the register of this court be and he is hereby directed to issue an execution in favor of Mrs. Josephine E. Jones against said W. W. Jones for said sum of $270 and the costs of this proceeding. He is further ordered that no other or further execution for alimony shall be issued until the further order of this court, but that said Mrs. Josephine E. Jones shall have the right to make application to this court for further execution for the allowance of alimony heretofore accrued and alimony hereafter to accrue whenever she shall show that the condition of said W. W. Jones is so changed as that he can and ought to pay said alimony. It is further ordered that this cause be retained in court for the purpose of considering and adjudicating such further application when made, but until such application is made this cause need not be carried on the docket." From this decree no appeal was ever prosecuted. The facts further show that under this last decree an execution was issued and levied upon all of the real estate then owned by the defendant, and that the same was sold under said levy and the proceeds of the sale applied in payment of the $270 accrued alimony. The present petition does not aver any change in the financial condition of the defendant since the rendition of the decree of September 23d, 1896, or that he is able to further pay alimony. The answer of the defendant to the petition shows a continuation of his poverty-stricken condition, and further avers his utter inability to pay the monthly installments of alimony which have accrued, or which may hereafter accrue. The proof taken on this issue shows that the defendant is an old man seventy-two years of age, and in feeble physical con-

dition, and dependent for a living upon his profession, being that of a physician, and that by reason of his age and enfeebled condition his earnings in his profession are barely sufficient to afford him a subsistence. His personal property consisted in one horse of the value of $60, two cows and yearlings of the value of $35, a small lot of drugs used in his practice of the value of $30, old books $15, and surgical instruments of the value of $15. He owned no real estate. On these facts and under the former decrees, the chancellor dismissed the petition.

If the court had the right and power under its former decrees in the cause to control the enforcement and execution of said decrees, then there can be no question under the facts of the rightfulness of the decree here appealed from. It is quite clear that under the provisions of the former decree, the right to control the enforcement and collection of the same was reserved to the court, and in cases of this character we think the propriety of such reservation by a court of equity is highly proper, as such court has not only the power, but should always in its exercise so mold its decrees that justice is meted out without oppression, especially in provisions for payments of money in the future where the ability to make such payments are dependent upon future contingencies. What was said by this court in *Edwards v. Edwards,* 84 Ala. 362, and *Williams v. Hale,* 71 Ala. 83, is in line with the principle above stated.

Our conclusion is that the chancellor was right in dismissing the petition, and his decree will be here affirmed.