(99 South. 185)

MORGAN v. MORGAN. (6 Div. 957.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 7, 1924.)

**1. Appeal and error �köð364—Register's error in fixing time for return of appeal not ground for dismissal.**

An error of the register in fixing a different time for return of an appeal than that fixed by Code 1907, § 2870, was not ground for dismissing the appeal.

**2. Appeal and error ⊂ðÞ77(1)—Decree kept open was subject to modification, and refusal to modify gave finality for purposes of appeal.**

Where a decree granting alimony was kept open it was subject to modification upon petition and proper showing, and denial of such relief gave finality for purposes of appeal to the ruling on the petition and to the original decree.

**3. Mandamus ⊂ðÞ52—Alternative writ of mandamus allowable where decree kept open and modification denied.**

Where a decree granting alimony was kept open and a proper petition to modify denied, if there were still no final decree to appeal from, petitioner could have an alternative writ of mandamus.

**4. Divorce ⊂ðÞ245(1)—Court's reservation of right to alter alimony payments continued its control over decree.**

The court's reservation in decree of the right to alter payments of alimony continues its control over a divorce decree otherwise final, but in the absence of such reservation or statutory authority the court has no power to alter the decree.

**5. Divorce ⊂ðÞ245(2)—Decree final as to existing conditions and alimony modified on proof of changes only.**

A decree of divorce is final as to conditions existing at the time, conclusively presumed to have been considered, and the court cannot modify it as to alimony except on proof of changed conditions.

**6. Divorce ⊂ðÞ245(2)—Agreement of parties as to amount of alimony did not affect court's power to change decree.**

The fact that a decree was based upon agreement of the parties as to amount of alimony did not affect the court's power to change it after remarriage of the divorced wife, especially when such agreement was not incorporated or referred to in the decree.

**7. Divorce ⊂ðÞ245(2)—Remarried wife could not avoid modification of amount of alimony without proof of husband's inability to support her.**

Where the court did not deem itself bound by an agreement of the parties as to alimony, but reserved future control of payments, the wife after remarriage could not avoid modification of the decree without proof of her husband's inability to support her.

On Rehearing.

**8. Divorce ⊂ðÞ245(4), 247—Remarriage does not ipso facto terminate alimony; remarriage authorizes modification of alimony as of the remarriage date.**

While the wife's remarriage does not ipso facto annul alimony granted by a divorce decree it affords a reason for doing so, and modification of the existing decree should operate upon the alimony as of the remarriage date.

**9. Divorce ⊂ðÞ258—Equity court could apportion alimony for year during which wife remarried.**

Where the first installment of alimony under the decree had not technically matured when the wife remarried, the equity court could prorate or apportion the amount covering the year of remarriage, and require payment for the period between the time it started and when she remarried, with interest from the time of maturity of the first payment.

**10. Divorce ⊂ðÞ288—Costs on petition to modify taxed to petitioner, but costs on appeal to adverse party.**

Petitioner should pay all costs of his petition to cancel the entire amount of the alimony under divorce decree upon the wife's remarriage, as the petition was for his benefit, but where he was compelled to appeal to correct an erroneous decree the costs of appeal will be taxed to appellee.

**11. Appeal and error ⊂ðÞ386(1)—Appeal not dismissed because bond not approved by register.**

Where in appeal bond is a good common-law obligation, though not a good statutory bond for want of register's approval, the appeal will not be dismissed.

**12. Appeal and error ⊂ðÞ797(2)—Objection to appeal bond because not approved by register should be made before case submitted.**

Under Code 1907, § 2866, the point that an appeal should be dismissed because the register did not approve the appeal bond should have been made before the case was submitted.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Petition or motion by W. Barnes Morgan to modify a decree in equity granting alimony against him and in favor of Leila J. Morgan (now Lavender). From a decree denying relief, petitioner appeals. Reversed, rendered, and remanded.

McClellan & Frierson, of Birmingham, for appellant.

─────

⊂ðÞFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

An appeal lies from the decree denying appellant's petition. Code 1907, § 2837; Clisby v. Clisby, 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110. The case of Brady v. Brady, 144 Ala. 414, 39 South. 237, is without application. If an agreement as to alimony was made by the parties, it was prior to the decree, and cannot be now considered. Rules 14, 22, 2 Code 1907, pp. 1520, 1511; 17 Cyc. 567; Mayse v. Biggs, 3 Head (Tenn.) 36; Sparhawk v. Twitchell, 1 Allen (Mass.) 450; 22 C. J. 1080; Deslonde v. Darrington's Heirs, 29 Ala. 92; Lester v. Lester, 102 Misc. Rep. 630, 169 N. Y. Supp. 267; Metcalf v. Metcalf, 19 Ala. 319, 54 Am. Dec. 188. The basis for modification of a former decree is changes arising since the rendition thereof. Morgan v. Morgan, 203 Ala. 516, 84 South. 754; Ortman v. Ortman, 203 Ala. 167, 82 South. 417; 1 R. C. L. 948. Proof of respondent's remarriage made a prima facie case for revision of the decree for alimony, casting upon her the burden of showing inadequacy of the support furnished by the second husband, failing to discharge which all payments accruing subsequent to the second marriage should be canceled. Morgan v. Morgan, supra; Cohen v. Cohen, 150 Cal. 99, 88 Pac. 267, 11 Ann. Cas. 520.

John W. Altman, W. H. Smith, and W. B. Harrison, all of Birmingham, for appellee.

The appeal, being taken on May 14, 1923, was not properly made returnable to the next term of the court. Code 1907, § 2870; Acts 1915, p. 816. The decree is not appealable. Ex parte Lavender, 207 Ala. 666, 93 South. 661; Wood v. Finney, 207 Ala. 160, 92 South. 264; Lathrop Lbr. Co. v. Pioneer Lbr. Co., 207 Ala. 522, 93 South. 427; Nelson v. Cornelius, 208 Ala. 688, 95 South. 170; Hayes v. Hayes, 192 Ala. 280, 68 South. 351. The amount of alimony decreed was agreed upon by the parties, and that agreement is binding. The fact of remarriage does not furnish ground for a reduction. Code 1907, §§ 3805, 3816; Henderson v. Henderson, 210 Ala. 73, 97 South. 353; 19 C. J. 251; 15 A. & E. Ency. (2d. Ed.) 853; Cole v. Cole, 142 Ill. 19, 31 N. E. 109, 19 L. R. A. 813, 34 Am. St. Rep. 61. An allowance based upon an agreement may not be regarded as alimony, subject to change by the court. Schouler on M., D. & S. 1922; Newbold v. Newbold, 133 Md. 170, 104 Atl. 366; Emerson v. Emerson, 120 Md. 584, 87 Atl. 1035; Jeter v. Jeter, 36 Ala. 391. At the end of the term the court had no further control over the decree. Ortman v. Ortman, 203 Ala. 167, 82 South. 417; 19 C. J. 269; Smith v. Smith, 45 Ala. 264; Guess v. Smith, 100 Miss. 457, 56 South. 166, Ann. Cas. 1914A, 300; Plaster v. Plaster, 47 Ill. 290; Kistler v. Kistler, 141 Wis. 491, 124 N. W. 1028; Brandt v. Brandt, 40 Or. 477, 67 Pac. 508.

ANDERSON, C. J. [1] The appellee moves to dismiss the appeal because the same was not made returnable by the register as fixed by section 2870 of the Code of 1907. It is sufficient to say that the law fixes the return, and an error of the register in designating a different time does not afford a ground for dismissing the appeal. Capehart v. Granite Mills Co., 97 Ala. 353, 12 South. 44.

[2, 3] We also think that the decree appealed from is such a one as will support an appeal under the statute. The original decree was kept open, and was therefore subject to modification upon petition and proper showing, and the denial of the appellant's motion, in effect, gave finality not only to the ruling upon the petition, but to the original decree sought to be modified. This decree is therefore different from the one considered in the case of Brady v. Brady, 144 Ala. 414, 39 South. 237, and others along that line. Moreover, if not an appealable decree, as held in the Brady Case, supra, the appellant would be entitled to the writ of mandamus in the alternative, and which was moved for upon the submission of this cause.

[4] For previous reports of this cause see 203 Ala. 516, 93 South. 661. Upon the first consideration, as pointed out in the opinion (203 Ala. 516, 93 South. 661) the trial court retained the control of the decree with reference to the alimony, and we repeat that the clause there employed was substantially as broad as the one dealt with in the case of Jones v. Jones, 131 Ala. 445, 31 South. 91. The court may in its decree reserve the right to alter the payments of alimony as justice may require, or the court may by statute be given the right to alter the payments at any time, but except for reservation in the decree or express statutory authority the court has no power to alter the decree. Schouler on Marriage and Divorce (6th Ed.) p. 1990. While we have no statute on the subject, as in some other states, the reservation continues the control to like effect. Morgan v, Morgan, supra; Jones v. Jones, 131 Ala. 445, 31 South. 91; Johnson v. Johnson, 195 Ala. 641, 71 South. 415. We also held, in line with the great weight of authority, that the subsequent marriage of the wife, in the absence of proof of the inability of the second husband to support her, made out a case for the remission of the unaccrued periodical payments. See note to Cohen v. Cohen, 150 Cal. 99, 88 Pac. 267, 11 Ann. Cas. 520.

[5-7] It is also well settled that modification of the decree can only be ordered on proof of change of condition as the decree is final as to the conditions existing at the time as existing conditions are conclusively presumed to have been considered upon the rendition of the decree. Schouler on Marriage & Divorce, page 1993 and many cases under citation 18. While the decree in the present case is silent as to any agreement of

the parties as to the alimony the appellee has attempted to set up one anterior thereto. The authorities are not entirely harmonious on the effect to be given agreements even when referred to in the decree, but we are disposed to follow that line, especially when the agreement is not incorporated in or referred to in the decree, which hold that the power of the court to change a decree granting alimony upon the remarriage of the divorced wife is not affected by the fact that the decree was based on an agreement of the parties as to the amount of the alimony. Southworth v. Treadwell, 168 Mass. 511, 47 N. E. 93; Blake v. Blake, 75 Wis. 339, 43 N. W. 144. We therefore hold that, as the original decree was not bound to conform to the agreement, or, if the court considered same, it did not deem itself bound thereby by expressly reserving the future control of the payments awarded, in a modification or change of same subsequent conditions should only be considered. As the appellee sought to avoid the modification of the decree upon this ground alone, and made no effort to show the inability of her present husband to support her, which was incumbent upon her under the former holding, she presumptively, could not do so. Southworth v. Treadwell, 168 Mass. 511, 47 N. E. 93.

The remarriage of the wife does not, however, ipso facto release the husband of any installments due or accrued prior to her second marriage or between said time and the granting of the order of modification or as of the time when it should have been granted if erroneously refused or when the order is delayed by an unsuccessful appeal by the wife. Franck v. Franck, 107 Ky. 362, 54 S. W. 195; Brandt v. Brandt, 40 Or. 477, 67 Pac. 508. The first deferred payment of $1,000 was due July 16, 1919, and the appellant's petition for modification was not acted upon until June 17, 1919, when eleven-twelfths of the first installment had accrued. We therefore hold that the trial court erred in denying the petition for a modification except as to this extent, and the decree of the circuit court is reversed, and one is here rendered relinquishing all of said alimony except $916.66, with interest thereon since the 16th of July, 1919.

The decree of the circuit court is reversed, one is here rendered granting the relief except as above indicated, and the cause is remanded in order that the trial court may make the proper orders in conformity with this opinion, and for the payment of the sum due the appellee. Costs of this appeal to be taxed to appellee, and all cost of the court below to be borne by the appellant.

Reversed, rendered, and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

## On Rehearing.

ANDERSON, C. J. [8, 9] In the last part of the foregoing opinion, in fixing the period to which the decree of modification should relate, we cited the Franck and Brandt Cases, supra. In arriving at this conclusion we were perhaps misled by a note to the Cohen Case in 11 Ann. Cas. 520, which cites said cases, and it appears from a closer examination of said note as well as the said cases that, while the remarriage of the wife does not ipso facto annul the alimony, it affords a reason for doing so, and that the modification of the existing decree should operate upon the alimony as of the date of the remarriage. This rule also conforms to the reason for same, that is, that the divorced husband should not be forced to support his former wife after she has married another who is able to do so. We are also aware of the fact that the first installment of the deferred payments had not accrued—had not matured, technically speaking— but we think that a court of equity has the power to prorate or apportion same so as to meet the ends of justice, and that the appellee should be paid the portion of the $1,000 covering the year of the remarriage, that is, for the period between the time it started and when she remarried, to wit, from July 16, 1918, to December 7, 1918, amounting to $391.82 with interest since July 1, 1919, the maturity of said payment. The former decree as rendered by this court is accordingly modified and corrected so as to change the amount to be paid the appellee from $916.66 to $391.82; but in all other respects the same is to remain unchanged.

[10] The appellant had to appeal this case in order to correct an erroneous decree against him, so we taxed the cost of said appeal to the appellee. As to all other costs, the petition for a modification of the existing decree was for the benefit of the appellant, who sought to cancel the entire amount of the unpaid alimony, and we thought and still think that said cost should be paid by him.

[11, 12] Appellee has suggested, upon rehearing, that this appeal should be dismissed because the appeal bond is not indorsed approved by the register, a point which should have been made before the case was submitted, and if then made the appeal would not have been dismissed. Section 2886 of the Code of 1907. The bond is a good common-law obligation, even if the approval was essential to make it a statutory bond. The appellee also suggested that in ascertaining the amount to be allowed her all of the indebtedness should be considered rather than the installment of the year of remarriage, Should we pursue this method the appellee would not be the gainer, for if we considered the whole amount the proportion allowed the

appellee would have to be based on the time period of maturity of the last one.

The opinion is corrected and the decree modified as above indicated, and the application for rehearing is overruled.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.