267 So.2d 472

### Elizabeth Rudder WHITTINGTON
### v.
### Burnis Winston WHITTINGTON.
### 6 Div. 134.

Court of Civil Appeals of Alabama.
Oct. 4, 1972.

Rosen, Wright & Harwood, P. A., Tuscaloosa, for appellant.

Zeanah, Donald & Lee, and Wilbor Hust, Jr., Tuscaloosa, for appellee.

BRADLEY, Judge.

This is an appeal from a decree of the Circuit Court of Tuscaloosa County, in Equity, modifying a previous decree of said court as same related to the wife's alimony.

The parties to this appeal were originally divorced on account of the husband's adultery on October 4, 1969 after twenty-nine years of married life. The parties remarried on May 23, 1970 and divorced a second time on August 3, 1970, again for the adultery of the husband.

Incorporated in the second divorce decree was a separation agreement whereby the husband agreed to pay the wife $250.00 per month alimony, giving all household furnishings in their apartment to the wife, and maintain in force and effect for her benefit several insurance policies.

On September 8, 1971 the husband-appellee filed a petition seeking a modification of the 1970 divorce decree as same related to alimony for appellant. An answer was filed and a hearing was held on the merits of the petition. On December 20, 1971 a decree was entered modifying the decree by reducing the monthly alimony from $250.00 to $225.00 and by relieving the appellee of the payment of the premiums on most of the insurance policies he had been required to maintain for appellant's benefit, which amounted to $144.33 per month. From said decree of modification appellant has appealed to this court.

There are thirty-one assignments of error, the bulk of which question the insufficiency of the evidence to support the decree.

The Supreme Court in Colton v. Colton, 252 Ala. 442, 41 So.2d 398, said:

". . . [A] decree fixing alimony in accordance with the parties' agreement will not be modified except for clearly sufficient reasons, and application therefor should be subjected to a thorough investigation. Worthington v. Worthington, supra [224 Ala. 237, 139 So. 334]; Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905.

"Modification of such a decree can only be ordered on proof of change of conditions of the parties, one or both, as the decree is final as to the conditions existing at the time, since existing conditions are presumed to have been considered upon the rendition of the decree. Morgan v. Morgan, supra [211 Ala. 7, 99 So. 185]; Ex parte Allen, supra [, 221 Ala. 393, 128 So. 801]."

Also see Johnson v. Johnson, 277 Ala. 126, 167 So.2d 688.

In the instant case the appellee sought a modification of a decree which had fixed alimony payments for the wife's benefit in accordance with his agreement. The main basis for the petition for modification was a change in appellee's financial condition since the divorce decree.

Appellee says that the change in his financial condition since the divorce decree is due mainly to his remarriage and increased indebtedness, due partly to the remarriage, inflation and his job.

The pertinent facts show that appellant had been married for about twenty-nine years and had one child—a daughter who was married, living away from home and not dependent on her parents for support. The appellant was not gainfully employed but was attending the University of Alabama pursuing a degree in education. The appellee was and is the Business Manager for the University of Alabama Athletic Department and has been for sixteen years. Just prior to the second divorce appellee's base salary was $15,200 per year, and for many years appellee had received a bonus each year, usually in January, equivalent to one month's salary. The bonus was given only if the football team went to a bowl game. The football team has been to a bowl game every year since Paul "Bear" Bryant has been coach except the first year.

At the time the petition for modification was filed appellee's salary was $15,500.00 per year, or $1,291.66 per month. This amount did not include a bonus. The deductions from that salary were:

| | |
|---|---|
| Federal Income Tax | 200.00 |
| State Income Tax | 30.79 |
| Teachers Retirement | 51.67 |
| Credit Union | 57.00 |
| University Club | 4.00 |
| Disability Insurance | 2.45 |
| Insurance (owned by Mrs. W) | 16.20 |
| Accident Ins. (owned by Mrs. W) | 5.00 |
| Term Life Ins. (owned by Mrs. W) | 20.75 |
| Coaches Annuity | 29.16 |
| FICA | 67.16 |

The teachers' retirement deduction inures to appellee's benefit, as well as the credit union deduction which is nothing more than a savings account. The FICA deduction of $67.16 per month is withheld on the first $7,800.00 of appellee's salary and then said deduction ceases until the beginning of a new calendar year.

Appellee's net monthly salary is at least $915.00 per month without including the bonus he received at the beginning of 1971. Including the bonus, the net monthly salary of appellee at the time of the filing of the petition for modification was approximately $1,000.00

The net income of appellee was more in 1971 than in 1970 when the last divorce was granted to his wife. So the financial condition of appellee at this point has improved.

Appellee counters by saying that he now has a new wife and a sizeable amount of indebtedness, i. e., $5,675.00, incurred sub-

sequent to his last divorce. This indebtedness consists of $1,100 owed to Tuscaloosa Furniture Company for furniture; $425 to Sears, Roebuck and Company for household furnishings; and three personal loans amounting to $2,350. His car note with City National Bank is $1,800, on which he pays $100 per month. The record, however, reflects that his new wife is employed and earning $6,100 per year with assured increases in salary for the next two years.

However, the Supreme Court said in Colton v. Colton, supra:

"The fact that the husband has remarried, thereby increasing his expenses, is not such a change in condition of the parties as to justify a reduction of the alimony due the former wife."

At the time of appellee's last divorce his then wife—appellant—was unemployed, although she had a small independent income from oil leases and royalties on property received from her father's estate amounting to around $300 per year except in those years when there was drilling on the leased lands, and then no rent money was received. This small amount is still being received by appellant, and, in fact, appellant received only $70 from this source in the year 1970.

At the time of the last divorce appellant had savings accounts in two banks. The amounts were $4,000 and $1,000. At the time of the filing of the petition for modification appellant had $5,000 in a single savings account in the Choctaw Bank of Butler, Butler, Alabama, which had been accumulated from inheritances from father and mother, rents and royalties, from six months' employment with Dr. Brock, and money that appellee had given her over the years. Appellant stated that she did not know where appellee got this money, but that it did not come from their checking account.

Appellant, at the time of the filing of the petition, had a checking account in the Choctaw Bank amounting to around $800.

This was money received from her employment and alimony payments. Just prior to the filing of the petition, appellant had paid out of the checking account $3,000 for work done on her house.

Appellant stated that appellee, just prior to the last divorce, put $600 worth of carpet and two window air conditioning units in her house in Toxey. There is no indebtedness on appellant's property.

Appellant is about fifty-one years old, was married to appellee for about thirty years, has rheumatoid arthritis, and is employed as a school teacher in a private school and earning about $6,100 per year.

In Young v. Young, 262 Ala. 254, 78 So.2d 265, the Supreme Court said:

"The mere fact that the wife has secured employment since the entry of the decree for alimony is not within itself a ground for modification. It is but a circumstance to be considered along with all the other evidence on the issue of changed conditions. . . . The same is true with respect to the remarriage of the husband. . . ."

At the time of the divorce appellant was unemployed, but had just about finished her schooling which was directed toward a teaching career. She had about $5,000 in bank savings accounts.

At the time of the last divorce appellant and appellee had a joint bank account. Appellee's salary was sent directly to this account by the University of Alabama. From this account appellant paid the household bills and bought her clothes. She said that appellee did not buy any clothes; appellee stated that he bought some and some were given to him.

By agreement appellee gave to appellant all of the contents of the apartment where they had been living, but appellant left in the apartment for appellee's use a bed, linens, television, dishes, two chairs, TV tables, ash trays, etc., because appellee said this was all he wanted.

There was no mention made in the agreement or testimony at the hearing of the existence or disposition of any cash money belonging to appellee or the parties jointly.

At the time of the last divorce appellee stated that the only indebtedness he had was a loan on his car. He stated he bought a new car every year. This purchase was made at cost. The indebtedness now held by appellee was incurred after the last divorce.

The rent on the apartment occupied by appellee and his new bride runs around $80 a month—five dollars a month more than when married to appellant—utilities about the same, and automobile monthly payments the same. The only change in living expenses, according to appellee, is due to the increase in the cost of living. However, it should be noted that the evidence is without dispute that appellee's salary has consistently increased since he has been employed by the University. Hence, any increase in expenses due to inflationary factors could be said to have been offset by the increased income received by appellee. Also, it could be easily shown that appellant is beset by these same inflationary factors.

Appellee gave his new wife a $1,300 wedding ring and wears a diamond ring which he stated was a gift, although its value is unknown.

The Supreme Court in Block v. Block, 281 Ala. 214, 201 So.2d 51, said:

" . . . . [T]he court may and should inquire into the earning ability of the parties and their probable future prospects, their age, sex, health and station in life; the duration of the marriage, the conduct of the parties with particular reference to the cause of the divorce."

In the present case the parties were married for twenty-nine years, the former wife is fifty-one years old, has rheumatoid arthritis, and is employed as a school teacher in a private school without benefit of contract or tenure and no retirement benefits, her future prospects for earning a living are uncertain; whereas the appellee is in apparent good health, age forty-nine, and future earning prospects appear to be good. The divorce was granted to the appellant for the misconduct of the appellee—adultery.

After a careful examination of the evidence in the case it is the conclusion of this court that the change in appellee's financial condition was beneficial rather than detrimental, and the indebtedness he now has were foreseeably and voluntarily incurred after the divorce. It is the further conclusion of this court that the evidence does not show such a substantial change in the financial condition of the parties since the last divorce decree as to justify a modification of the prior decree by reducing the amount of alimony awarded to appellant.

Since we find that the decree is not supported by the evidence, we have no alternative but to reverse this case.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.