HOLMES, Judge.
This is a divorce case.
The dispositive issue on appeal is whether the trial court erred to reversal in reducing the wife’s alimony payments. We answer in the affirmative and reverse.
The record in pertinent part reveals the following:
The parties were divorced by decree of the Superior Court of Hall County, Georgia, on March 14, 1969. At the time of the divorce, the parties had been married 22 years with 5 children being born of the union. Prior to the decree, the parties executed an agreement covering the terms of the divorce including property settlement, alimony, custody, and support of the children. This agreement was made part of and incorporated in the divorce decree.
Specifically, the agreement provided that the appellee-husband would pay $50 per month per child as child support based upon his then current net income of $519 per month. He was also to pay the appellant-wife $150 per month as alimony. This was also based on his then current net income of $519 per month. The agreement also provided for a percentage increase or reduction in alimony and child support based upon changes in the husband’s net income base of $519 per month.
In October, 1971, the Circuit Court of Marshall County, Alabama, entered a decree, by consent and agreement of the parties incorporating the prior agreement of the parties, thereby becoming a decree of the Circuit Court of Marshall County. The court ordered the parties to comply with the agreement until further orders of the court.
In April, 1977, appellee-husband filed a petition for modification with the Circuit Court of Marshall County in which he requested the following:
“2. That under the present circumstances, it is unnecessary and unreasonable for the plaintiff to be required to pay alimony.
“3. That there has been a material change in circumstances related to child support in that all but one of the children are now adults, and the burden of the previous formula for child support is wholly unreasonable and an oppressive burden upon the plaintiff.”
The trial court, upon hearing testimony ore tenus, entered the following judgment:
“1. That, beginning September 1, 1977, The Plaintiff shall pay to the Defendant, as support and maintenance for the youngest of the children of the parties, to-wit: DONNA RUTH, the sum of $150.00 per month, to be due and payable on the first day of each month until said child reaches adulthood (19 years of age), and at which time the Plaintiff’s legal duty to support ceases.
[[Image here]]
*990 “3. That present method of payment of alimony to the Defendant shall continue through June 30, 1979, and shall then be reduced to $100.00 per month, and shall be due and payable the first day of each month.”
Appellant-wife appeals, alleging error in the trial court’s order reducing prospectively the wife’s alimony payments.
At the outset, we note that alimony previously awarded a wife may be modified only on a showing that there has been a material or substantial change in circumstances of the parties since the rendition of the former divorce decree. Capra v. Capra, 56 Ala.App. 90, 319 So.2d 286 (1975).
Furthermore, where a decree of divorce has adopted an agreement with respect to alimony and maintenance, the court will not modify such decree except on proof of changed conditions which justify the modification and only to the extent of such changed conditions. Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967).
The duty of this court, on appeal, is to analyze and determine from the evidence whether there has been such a substantial change in the husband’s or wife’s financial condition, or other change of circumstances affecting either the husband or wife, as to justify and support a modification of the former decree. See Young v. Young, 262 Ala. 254, 78 So.2d 265 (1954).
At the time of the divorce, the appellee-husband was making $519 per month net income. As noted above, he began paying $50 per month per child for child support and $150 alimony, according to the agreement incorporated in the divorce decree. Appellant-wife was also working and making $360 per month gross income.
At the hearing of the modification petition, appellee was making $1,100 per month net income. His present wife was also making approximately the same salary. At that time, the appellee was paying $95 per month per child for child support and $270 for alimony which was also in accordance with the former decree. Appellant was making approximately $600 per month gross income or approximately $430-$450 per month net income.
There .was testimony to the effect that appellant-wife has approximately $750 per month living expenses. She has no savings account or accumulated money and has had to borrow money to support herself and her children. Appellant further testified that she was in poor health.
As noted above, the trial court increased the child support payments to appellee’s youngest and only remaining minor child to $150 per month until the child reached maturity. However, the judgment also provided for the wife’s alimony payments to be reduced to $100 per month beginning July 1, 1979.
Appellee argues that the reduction in alimony is based upon the youngest child reaching majority, i. e., 19 years of age. However, the record reveals that the reduction in alimony is to take place approximately 6 months before the youngest child reaches majority.
In any event, the mere fact that the wife’s award of custody of the children may be considered in determining the amount of alimony, such does not necessarily constitute a ground for reducing alimony when the burden of custody is removed, i. e., attainment of the age of majority by the child. See Rochelle v. Rochelle, 235 Ala. 526, 179 So. 835 (1938); 27A C.J.S. Divorce § 239.
In view of the evidence, we cannot say there has been such a substantial change in the circumstances of the parties as to support a modification and reduction of alimony. This is particularly true considering the appellee’s substantial increase in income in comparison with the appellant’s relatively low wages and her living expenses. See Whittington v. Whittington, 48 Ala.App. 680, 267 So.2d 472 (1972).
While we review evidence with a presumption of correctness when testimony is heard ore tenus, this court cannot find a sufficient basis for the trial court’s decree and we have no alternative but to reverse.
*991 In view of the above, that aspect of the decree reducing prospectively the wife’s alimony payments is reversed and remanded for entry of a judgment not inconsistent with this opinion.
Appellant’s request that she be awarded an attorney’s fee on appeal is granted and she is hereby awarded $350 for attorney’s fees.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P. J., and BRADLEY, J., concur.