Rel: June 27, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

———————————————

### SC-2024-0743

———————————————

**Ex parte Edward Conant Gartrell, Jr.**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CIVIL APPEALS**

**(In re: Sharon Smith Gartrell**

**v.**

**Edward Conant Gartrell, Jr.)**

**(Madison Circuit Court: DR-21-900713.80;
Court of Civil Appeals: CL-2024-0290)**

McCOOL, Justice.

Alabama caselaw has long provided that, when a trial court issues a divorce judgment and does not award periodic alimony, the court has the discretion to reserve jurisdiction to award periodic alimony in the future.[1] Miller v. Miller, 361 So. 2d 577, 579 (Ala. Civ. App. 1978). In 2017, the Legislature enacted § 30-2-57(c), Ala. Code 1975, which went into effect on January 1, 2018, and that statute provides that, in certain circumstances, a trial court is required to reserve jurisdiction to award periodic alimony in the future. The question in this case, which is a question of first impression, is whether § 30-2-57(c) now provides the only circumstances in which a trial court is authorized to reserve jurisdiction to award periodic alimony in the future. The Court of Civil Appeals concluded, in a plurality opinion, that the answer to that question is "no," and this Court granted certiorari review to address that question.

<u>Facts and Procedural History</u>

Edward Conant Gartrell, Jr. ("the husband"), and Sharon Smith Gartrell ("the wife") were divorced by a 2023 judgment of the Madison

---

[1]If the trial court awards periodic alimony in the divorce judgment, then there is no need to reserve jurisdiction to award periodic alimony in the future because the court may modify that award at any time before the award expires. Alfred v. Alfred, 89 So. 3d 786, 790 (Ala. Civ. App. 2012).

Circuit Court ("the trial court"), in which the trial court denied the wife's request for periodic alimony. The wife appealed to the Court of Civil Appeals, arguing, among other arguments, that the trial court had erred by denying her request for periodic alimony. The Court of Civil Appeals affirmed the divorce judgment in part, but it reversed the judgment insofar as it denied the wife's request for periodic alimony and remanded the case with instructions for the trial court to reconsider that request in accordance with § 30-2-57. See Gartrell v. Gartrell, 394 So. 3d 1103 (Ala. Civ. App. 2024). On remand, the trial court issued an amended divorce judgment in which it once again denied the wife's request for periodic alimony. Specifically, the amended divorce judgment stated:

> "This court has thoroughly reviewed the evidence presented at trial, has considered the credibility of the parties' testimony, and has carefully considered each of the relevant elements in § 30-2-57 and the factors to be considered thereunder. Having done so, the court expressly finds as follows:
>
> "(1) [The wife] has failed to prove that she lacks a separate estate or her separate estate is insufficient to enable her to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.
>
> "(2) [The wife] has failed to prove the [husband] has the ability to supply those means without undue economic hardship.

3

"(3) [The wife] has failed to prove that the circumstances of this case make an award of periodic alimony equitable."

The wife again appealed to the Court of Civil Appeals, arguing once more that the trial court had erred by denying her request for periodic alimony and also arguing that the court had erred by failing to reserve jurisdiction to award her periodic alimony in the future. In a plurality opinion, the Court of Civil Appeals affirmed the amended divorce judgment insofar as it denied the wife's request for periodic alimony because her assets -- including one-half of the proceeds from the sale of the marital residence, two retirement accounts, a money-market account, and $951 per month in Social Security income -- supported the trial court's finding "that the wife had failed to prove that she lacked a separate estate or that her separate estate was insufficient to enable her to maintain the marital standard of living." Gartrell v. Gartrell, [Ms. CL-2024-0290, Oct. 18, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024) ("Gartrell II"). However, the main opinion in Gartrell II agreed with the wife's argument that the trial court had erred by failing to reserve jurisdiction to award her periodic alimony in the future. In support of that holding, the main opinion stated:

4

"We agree ... that by using the funds from the retirement accounts to pay her estimated monthly living expenses, the wife would exhaust her retirement accounts within a relatively short period. She would then have to rely on the funds in her money-market account and [her share of] the proceeds of the sale of the marital residence to pay her living expenses, which, when coupled with her Social Security income, would also be exhausted within a relatively short period ....

"The wife has shown that she can only temporarily maintain the marital standard of living using her retirement accounts and her Social Security income. When a trial court denies periodic alimony, but the evidence indicates that the circumstances regarding the financial needs of a spouse will likely change, the trial court should reserve jurisdiction to award periodic alimony based on those changed circumstances. See Rockett v. Rockett, 77 So. 3d 599, 604 (Ala. Civ. App. 2011). If the trial court fails to reserve jurisdiction to award periodic alimony upon future consideration, its power to modify its judgment denying periodic alimony is 'permanently lost.' Kennedy v. Kennedy, 743 So. 2d 487, 490 (Ala. Civ. App. 1999); see also § 30-2-57(c). Based on the probability that the wife will not be able to remain self-supporting, we conclude that the trial court should have reserved jurisdiction to award the wife periodic alimony. See Ex parte Killough, [728 So. 2d 589 (Ala. 1998)]."

Gartrell II, ___ So. 3d at ___. Thus, the main opinion reversed the amended divorce judgment insofar as it failed to reserve jurisdiction to award the wife periodic alimony in the future, and the case was remanded for the trial court to amend its judgment accordingly.

5

Two judges dissented in <u>Gartrell II</u>, though only one judge authored a separate opinion. The dissenting opinion conceded that, under the common law, a trial court has the authority to reserve jurisdiction to award periodic alimony in the future "when the evidence indicates that the [party seeking alimony] will not remain self-supporting." <u>Gartrell II</u>, ___ So. 3d at ___ (Lewis, J., dissenting). The dissenting opinion noted, however, that § 30-2-57(c) states, in relevant part:

> "In cases in which a party has proven a lack of means to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, but there exists a present inability of the other party to supply those means, a court, when the circumstances of the case make it equitable, shall reserve jurisdiction to award rehabilitative or periodic alimony."

According to the dissenting opinion,

> "[u]nder the maxim <u>expressio unius est exclusio alterius</u>, the omission of certain reasons for reserving jurisdiction to award periodic alimony while including only one reason for reserving jurisdiction to award periodic alimony implies that the reasons that were valid reasons for the reservation of jurisdiction to award periodic alimony under the common law but were omitted in § 30-2-57(c) are no longer valid reasons for the reservation of that jurisdiction."

<u>Gartrell II</u>, ___ So. 3d at ___ (Lewis, J., dissenting). Thus, the dissenting opinion reasoned that § 30-2-57(c) had abrogated the common law and

6

now provides the only circumstances in which a trial court is authorized

to reserve jurisdiction to award periodic alimony in the future.

The main opinion in Gartrell II responded to the dissenting opinion

as follows:

"The dissent argues that § 30-2-57(c) deprives a trial court of the power to reserve jurisdiction to award periodic alimony in the future … when the petitioning spouse has no present need for periodic alimony, but that need may arise due to changed circumstances. However, as our supreme court explained in Morgan v. Morgan, 211 Ala. 7, 8, 99 So. 185, 186 (1924), in this state, the power of a trial court to retain jurisdiction to modify a judgment relating to periodic alimony based on changed circumstances did not emanate from statutory law. That power derived from the inherent jurisdiction of a court of equity in divorce proceedings. See Jones v. Jones, 131 Ala. 443, 447, 31 So. 91, 92 (1901). Section 30-2-57(c) recognizes this equitable power and directs how that power shall be exercised in the circumstances set out therein. Section 30-2-57 does not go further to preclude a trial court from exercising its power as a court of equity in divorce proceedings to address other circumstances that may require the retention of jurisdiction to award periodic alimony in the future.

"The dissent essentially contends that, by omitting other circumstances in which trial courts have traditionally reserved jurisdiction to award periodic alimony, § 30-2-57(c) impliedly prohibits a trial court from continuing to exercise its equitable power in those circumstances. However, statutes are to be construed strictly so as not to alter the common law in any way except as expressly declared. See Arnold v. State, 353 So. 2d 524, 526 (Ala. 1977). Section 30-2-57(c) does not expressly declare that a trial court may reserve jurisdiction to award periodic alimony only in the

7

circumstances set forth therein, and the statute does not expressly declare that a trial court cannot reserve jurisdiction to award periodic alimony in other circumstances. We do not glean from the language in § 30-2-57(c) any clear intention of the legislature to make such a drastic alteration of the common law enforced by Alabama courts for over 100 years. See Isbrandtsen Co. v. Johnson, 343 U.S. 779, 783, 72 S. Ct. 1011, 1014, 96 L. Ed. 1294 (1952) ('Statutes which invade the common law ... are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident.')."

Gartrell II, ___ So. 3d at ___. The husband petitioned this Court for certiorari review, arguing that it was the dissenting opinion in Gartrell II, and not the main opinion, that correctly interpreted § 30-2-57(c). This Court granted the husband's petition to address that issue, and we now affirm the Court of Civil Appeals' judgment.

## Discussion

In Alabama, it has long been the common law, rather than statutory law, that has governed a trial court's authority to reserve jurisdiction to award periodic alimony in the future, and, under the common law, a trial court has the discretion to reserve its jurisdiction "as justice may require." Morgan v. Morgan, 211 Ala. 7, 8, 99 So. 185, 186 (1924). See also Jones v. Jones, 131 Ala. 443, 447, 31 So. 91, 92 (1901) (noting that a trial court has the inherent power in divorce proceedings, as a court of

8

equity, to reserve jurisdiction over alimony issues). Thus, under the common law, a trial court is authorized to reserve jurisdiction to award periodic alimony in the future when the party seeking alimony has failed to demonstrate a present need for it, but there is evidence indicating that his or her financial circumstances might change; indeed, neither the husband nor the dissenting opinion in Gartrell II has disputed that fact. See Crenshaw v. Crenshaw, 816 So. 2d 1046, 1048 (Ala. Civ. App. 2001) ("As several of this court's cases have stated, the trial court should reserve the issue of alimony if the facts indicate that future circumstances may entitle a party to an award of alimony."); Grice v. Grice, 673 So. 2d 772, 775 (Ala. Civ. App. 1995) (holding that the trial court should have reserved jurisdiction to award the wife periodic alimony in the future because, "[e]ven though the wife is physically able to support herself at this time, it is possible that the medical condition affecting her arm could become worse and could leave her unable to work," thus requiring "additional financial assistance from the husband"); and Lane v. Lane, 553 So. 2d 1150, 1151 (Ala. Civ. App. 1989) (holding that the trial court should have reserved jurisdiction to award

9

the wife periodic alimony in the future because her assets were "not so great as to survive a long period of time").

In 2017, the Alabama Legislature enacted § 30-2-57, which went into effect on January 1, 2018, and which states, in relevant part:

> "(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:
>
> > "(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.
> >
> > "(2) The other party has the ability to supply those means without undue economic hardship.
> >
> > "(3) The circumstances of the case make it equitable.
>
> "....
>
> "(c) In cases in which a party has proven a lack of means to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, but there exists a present inability of the other party to supply those means, a court, when the circumstances of the case make it equitable, shall reserve jurisdiction to award rehabilitative or periodic alimony. If there is neither an award of alimony nor a reservation of jurisdiction at the time of the divorce, the court shall permanently lose jurisdiction to subsequently make an award of rehabilitative or periodic alimony."

10

The husband argues, as did the dissenting opinion in Gartrell II, that § 30-2-57(c) abrogated the common law and now provides the only circumstances in which a trial court is authorized to reserve jurisdiction to award periodic alimony in the future, i.e., when (1) the party seeking alimony does not have the means to preserve the marital standard of living, (2) the other party lacks the present ability to supply those means, and (3) the circumstances of the case make it equitable for the court to reserve its jurisdiction. Thus, the husband argues that, because the trial court found that the wife did have the means to preserve the marital standard of living, at least at the time of the divorce, the court was statutorily prohibited from reserving jurisdiction to award her periodic alimony in the future. In support of that argument, the husband contends, as did the dissenting opinion in Gartrell II, that Alabama courts "appl[y] the maxim of expressio unius est exclusio alterius" to issues of statutory construction, which, the husband says, means that "the inclusion in [§ 30-2-57(c)] of a specific reason why alimony can be reserved excludes the reservation of alimony for reasons that are not specified in the statute." The husband's brief, pp. 24-25. We disagree.

11

When construing a statute that intrudes upon the common law, as

§ 30-2-57(c) does, this Court has stated:

> "In [Ex parte Key, 890 So. 2d 1056 (Ala. 2003)], th[is] Court reasoned that '[s]tatutes in derogation or modification of the common law are strictly construed' and are 'presumed not to alter the common law in any way not expressly declared.' 890 So. 2d at 1060 (citations and internal quotation marks omitted). But in analyzing whether the Legislature had 'expressly' altered the common law, the Court focused on whether the Legislature had used particular language, not on what the relevant statutes required. Of course, the Legislature sometimes abrogates the common law by specifically stating that it is doing so -- but such a statement is not required ….
>
> "A more precise formulation of our common-law abrogation framework is this: 'A statute which is an innovation on the common law will not be extended further than is required by the letter of the statute.' Pappas v. City of Eufaula, 282 Ala. 242, 244, 210 So. 2d 802, 804 (1968). Or, put another way, '[t]he presumption is, that the language and terms of the statute import the alteration or change it was designed to effect, and their operation will not be enlarged by construction or intendment.' Cook v. Meyer, 73 Ala. 580, 583 (1883); see also Lock v. Miller, 3 Stew. & P. 13, 14 (Ala. 1832) ('This statute is an innovation upon the common law, and therefore will not be extended farther than required by its letter.'); Beale v. Posey, 72 Ala. 323, 330 (1882) ('All statutes are construed in reference to the principles of the common law; and it is not to be presumed that there is an intention to modify, or to abrogate it, further than may be expressed, or than the case may absolutely require.')."

State v. Grant, 378 So. 3d 576, 580-81 (Ala. 2022) (footnote omitted).

Section 30-2-57(c) states that a trial court "shall reserve jurisdiction" to award periodic alimony in the future when the case involves the specific circumstances described in the statute. In other words, § 30-2-57(c) <u>requires</u> a trial court to reserve its jurisdiction in those circumstances. However, nothing in the language of § 30-2-57(c) indicates that a trial court is no longer <u>permitted</u> to reserve its jurisdiction in other circumstances in which "justice may require" it, <u>Morgan</u>, 211 Ala. at 8, 99 So. at 186, as trial courts have long been authorized to do under the common law, and the requirement that the statute imposes is not incompatible with that long-standing permissive authority. <u>Compare</u> <u>Grant</u>, 378 So. 3d at 581 (noting, in holding that the Alabama Criminal Code had abrogated the common-law "year-and-a-day rule" for homicides, that the Code had "incorporate[d] a standard of causation that is <u>incompatible</u> with that rule" (emphasis added)). Thus, to interpret § 30-2-57(c) as providing the only circumstances in which a trial court is authorized to reserve jurisdiction to award periodic alimony in the future would be to intrude upon the common law "'further than is required by the letter of the statute.'" <u>Id.</u> (citation omitted). That we will not do. Rather, "'[t]he presumption is, that the language and terms of

13

the statute import the alteration or change it was designed to effect, and their operation will not be enlarged by construction or intendment.'" Id. (citation omitted).

The husband argues, though, that, in seeking to discover the Legislature's intent in enacting § 30-2-57(c), this Court should not be guided by that presumption and, instead, should be guided by the legal maxim of expressio unius est exclusio alterius. "Under the principle of expressio unius est exclusio alterius, a rule of statutory construction, the express inclusion of requirements in the law implies an intention to exclude other requirements not so included." Jefferson Cnty. v. Alabama Crim. Just. Info. Ctr. Comm'n, 620 So. 2d 651, 658 (Ala. 1993). Stated differently, this statutory-construction aid, which has also been referred to as the principle of "negative implication," provides that "'[t]he expression of one thing implies the exclusion of others.'" Martin v. Martin, 329 So. 3d 1242, 1245 (Ala. 2020) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 10, at 107-11 (Thomson/West 2012)). However, this legal maxim "'does not apply to every statutory listing or grouping'"; "'[s]ometimes it does and sometimes it does not, and whether it does or does not depends on the

particular circumstances ....'" Fraternal Ord. of Police, Lodge No. 64 v. Personnel Bd. of Jefferson Cnty., 103 So. 3d 17, 27, 28 (Ala. 2012) (quoting, respectively, Barnhart v. Peabody Coal Co., 537 U.S. 149, 168 (2003), and United States v. Castro, 837 F.2d 441, 443 n.2 (11th Cir. 1988)).

The husband's reliance on the principle of expressio unius est exclusio alterius is unpersuasive for at least two reasons. First, that principle is most useful when the statute at issue "utilizes a listing or group of things." Fraternal Ord. of Police, 103 So. 3d at 27 (noting that the principle of expressio unius est exclusio alterius "generally applies" only to statutes that contain "a listing or group of things") (emphasis added). Thus, generally speaking, "[w]hen there is not a list, the negative implication canon should not be applied." In re Guardianship of Flyte, 19 N.W.3d 513, 527 (S.D. 2025). See Fraternal Ord. of Police, 103 So. 3d at 28 (holding that the principle of expressio unius est exclusio alterius did not apply to the statute at issue because "there is no group or series of things expressed in a way that provides a predicate for the operation of the maxim" (emphasis added)); and Chevron U.S.A. Inc. v. Echazabal, 536 U.S. 73, 81 (2002) (noting that the principle of expressio unius est

exclusio alterius "depends on identifying a series of <u>two or more terms or things</u>" (emphasis added)). Section 30-2-57(c) does not provide a list of two or more sets of circumstances in which a trial court is required to reserve jurisdiction to award periodic alimony in the future; rather, it provides a single set of such circumstances. Consequently, the husband's argument that we should apply the principle of <u>expressio unius est exclusio alterius</u> starts out on shaky ground, though we need not and do not hold that this legal maxim will never apply to statutes that do not contain "a listing or group of things." <u>Fraternal Ord. of Police</u>, 103 So. 3d at 27.

Second, and more importantly, <u>expressio unius est exclusio alterius</u> is "a rule of construction and not one of substantive law; and, its only service is as an aid in discovering the legislative intent …." <u>Glencoe Paving Co. v. Graves</u>, 266 Ala. 154, 157, 94 So. 2d 872, 875 (1957). However, with respect to legislative intent, we have already noted that this Court <u>strictly construes</u> a statute that intrudes upon the common law and therefore presumes that the Legislature's intent was <u>not</u> "'to modify, or to abrogate, [the common law] further than may be expressed, or than the case may absolutely require.'" <u>Grant</u>, 378 So. 3d at 581

16

(citation omitted). See also Ex parte Musa Props., LLC, 386 So. 3d 14, 22 (Ala. 2023) ("[S]tatutes … in derogation of the common law[] must be strictly construed."). Applying the principle of expressio unius est exclusio alterius in the manner that the husband asks us to apply it would conflict with that strict construction by encroaching upon the common law much further and more drastically than § 30-2-57(c) requires. And, if the Legislature had intended for § 30-2-57(c) to provide the only circumstances in which a trial court is authorized to reserve jurisdiction to award periodic alimony in the future, it knew how to draft a statute to that effect and could have easily done so. Ex parte Jackson, 614 So. 2d 405, 407 (Ala. 1993). Thus, given the strict construction that this Court must place on § 30-2-57(c), we will not hold that our presumption regarding legislative intent must yield to the principle of expressio unius est exclusio alterius, especially given that the principle is of questionable relevance in the first place.

For the foregoing reasons, we hold that § 30-2-57(c) does not provide the only circumstances in which a trial court is authorized to reserve jurisdiction to award periodic alimony in the future. Rather, § 30-2-57(c) requires a trial court to reserve its jurisdiction in the specific

17

circumstances described in the statute, and the court is permitted, as it long has been under the common law, to reserve its jurisdiction in any other circumstances in which "justice may require" it, Morgan, 211 Ala. at 8, 99 So. at 186, such as when the evidence indicates, as it does in this case, that the party seeking alimony has the means to preserve the martial standard of living but also indicates that his or her ability to do so will be temporary. Nothing in § 30-2-57(c) suggests that we should interpret the statute any differently, and accepting the husband's argument would not be consistent with either the standard by which this Court interprets a statute that intrudes upon the common law or the long-established principle that a trial court is authorized to -- and should -- "mold its [divorce] decrees [so] that justice is meted out without oppression." Jones, 131 Ala. at 447, 31 So. at 92. Thus, the main opinion in Gartrell II correctly interpreted § 30-2-57(c), and we therefore affirm that judgment.

We acknowledge the husband's argument that Gartrell II conflicts with the Court of Civil Appeals' decision in Myrick v. Myrick, 370 So. 3d 246 (Ala. Civ. App. 2022), which, he contends, supports his narrow interpretation of § 30-2-57(c). However, it does not appear to this Court

that the Court of Civil Appeals intended to hold in <u>Myrick</u> -- and it certainly did not explicitly hold -- that § 30-2-57(c) provides the only circumstances in which a trial court is authorized to reserve jurisdiction to award periodic alimony in the future.[2]  Regardless, this Court now holds that § 30-2-57(c) does <u>not</u> provide the only circumstances in which a trial court is authorized to reserve such jurisdiction.  Thus, to the extent that <u>Myrick</u> can be read as implicitly holding otherwise, it would necessarily be overruled by this opinion.

AFFIRMED.

Stewart, C.J., and Wise, Sellers, Mendheim, and Cook, JJ., concur.

McCool, J., concurs specially, with opinion.

Shaw, J., concurs in part and concurs in the result, with opinion.

Lewis, J., recuses himself.

---

[2]We also note that the dissenting opinion in <u>Gartrell II</u> did not cite <u>Myrick</u> in support of its position.

McCOOL, Justice (concurring specially).

I authored the Court's opinion in this case and concur fully in its analysis. I write specially to note that, in my opinion, even if this Court were to apply the principle of expressio unius est exclusio alterius to § 30-2-57(c), Ala. Code 1975, the argument of Edward Conant Gartrell, Jr. ("the husband"), would still fail. When applicable, that statutory-construction aid provides that the expression of certain "things" in a statute necessarily excludes other "'things' … of the same nature." Fraternal Ord. of Police, Lodge No. 64 v. Personnel Bd. of Jefferson Cnty., 103 So. 3d 17, 27 (Ala. 2012) (emphasis added). With that principle in mind, the husband argues that § 30-2-57(c) "permits a trial court to reserve jurisdiction to award periodic alimony in the future" only in the circumstances described therein, so, according to the husband, the statute "bars any effort to reserve periodic alimony for any other reason." The husband's brief, p. 30.

However, § 30-2-57(c) does not permit a trial court to reserve its jurisdiction in the circumstances described therein; it requires a court to do so. Thus, if we were to reason that the Legislature intended to exclude other "'things' … of the same nature," Fraternal Ord. of Police, 103 So.

20

3d at 27 (emphasis added), then the conclusion would be that there are no other circumstances in which the Legislature <u>requires</u> a trial court to reserve its jurisdiction to award periodic alimony in the future; the "negative implication" would not be that the court is not <u>permitted</u> to reserve its jurisdiction in any other circumstances, as it has been authorized to do under the common law for more than 100 years. <u>Martin v. Martin</u>, 329 So. 3d 1242, 1245 (Ala. 2020). <u>See</u> <u>Exelon Generation Co. v. Local 15, Int'l Brotherhood of Elec. Workers, ALF-CIO</u>, 676 F.3d 566, 571 (7th Cir. 2012) (refusing to apply the principle of <u>expressio unius est exclusio alterius</u> to an administrative-agency rule that requires a licensee to provide an individual with "internal management review" and holding instead that, "while an internal management review must be among the procedures provided, the licensee <u>may also provide others</u>" (emphasis added)).

SHAW, Justice (concurring in part and concurring in the result).

I respectfully concur in part and concur in the result.

When the language of a statute is plain and unambiguous, there is nothing to construe and no further "intent" to discover.

> "The 'intent' of the legislature is expressed in the language of a statute. When the language is plain and unambiguous, then that language must be enforced as written in order to put into effect that 'intent.'
>
> > "'The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'
>
> "IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So. 2d 344, 346 (Ala. 1992). See also Ex parte T.B., 698 So. 2d 127, 130 (Ala. 1997), and Ex parte Ankrom, 152 So. 3d 397, 431 (Ala. 2013) (Shaw, J., concurring in part and concurring in the result) (stating that when '[t]he language of [a] Code section is clear[,] there is nothing to construe [and] no need to attempt to divine the "intent" of the legislature')."

Ex parte N.B., 222 So. 3d 1160, 1160-61 (Ala. 2016) (Shaw, J., concurring specially).

I agree with the main opinion's reading of the plain language of

§ 30-2-57(c), Ala. Code 1975:

> "Section 30-2-57(c) states that a trial court 'shall reserve jurisdiction' to award periodic alimony in the future when the case involves the specific circumstances described in the statute. In other words, § 30-2-57(c) requires a trial court to reserve its jurisdiction in those circumstances. However, nothing in the language of § 30-2-57(c) indicates that a trial court is no longer permitted to reserve its jurisdiction in other circumstances in which 'justice may require' it, Morgan[ v. Morgan], 211 Ala. [7,] 8, 99 So. [185,] 186 [(1924)), as trial courts have long been authorized to do under the common law, and the requirement that the statute imposes is not incompatible with that long-standing permissive authority."

___ So. 3d at ___. There is no ambiguity in the Code section that required

further analysis.