EDWARD F. ZIEGLER *vs.* MAYOLA V. McKINLAY.

Essex.   November 7, 8, 1945. — December 3, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Marriage and Divorce,* Alimony.

At the hearing of a petition for modification of a decree entered in a divorce proceeding with full understanding by the libellee and in accordance with a stipulation of the parties, and ordering payment of certain lump sums in two payments for support of the parties' minor son and "in lieu of past, present or future alimony," the evidence disclosed no such change in the circumstances of the libellee or of the libellant as would call for modification of the decree under G. L. (Ter. Ed.) c. 208, § 37, although both parties had remarried and the son had become of age and was in the armed service.

PETITION, filed in the Probate Court for the county of Essex on October 24, 1944.

The case was heard by *Phelan,* J.

*A. Brayton,* for the petitioner.

*A. Sigel,* for the respondent.

DOLAN, J.   This is an appeal from a decree dismissing a petition for modification of an order for payment of alimony contained in a decree of divorce obtained by the respondent, hereinafter described as the libellant, against the petitioner, hereinafter referred to as the libellee.

The evidence is reported, and the judge made a report of the material facts found by him. (G. L. [Ter. Ed.] c. 215, § 11.)   Those facts, as well as those we find ourselves (*Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 178), may be summed up as follows: The libellant was granted a decree nisi of divorce from the libellee in the Probate Court for the county of Essex on August 21, 1942.   The decree provided that the libellant should have the custody of the minor son of the parties, and that the libellee pay to her the sum of $5,000 on August 21, 1942, and the further sum of $5,000 on February 21, 1945, for the support of said minor child, and "in lieu of past, present or future

alimony." Prior to the entry of that decree, the parties
had entered into a written stipulation of like tenor with
respect to the order for support and in lieu of alimony, con-
ditioned upon the entry of a decree of divorce in favor of
the libellant. Certain other provisions of the stipulation
are not here material. The stipulation was brought to the
attention of the judge before he entered the decree nisi.
Payment of $5,000 was made by the libellee on August 21,
1942, as provided in the decree nisi, which became absolute
in due course. The further sum of $5,000 payable on Feb-
ruary 21, 1945, was not paid by the libellee, who on Octo-
ber 24, 1944, had filed the present petition for modification
of the decree with respect thereto. The minor child of the
parties became of full age on July 29, 1944, having been
born on July 29, 1923. On or about February 28, 1943,
the libellant married one McKinlay in the State of New
York. She separated from him, however, four months
later. With the exception of a period of about six months
from the separation, she has been receiving $20 weekly
from him for her support. She lives with her sister in New
York, and the son of the parties is in the armed service.
He had made an allotment of $37 monthly to his mother
which ceased at her remarriage. For a brief period she
was employed as a nurse and was paid $25 a week. The
libellee has been employed by the same business concern
for the past fifteen years. At the time of the entry of the
decree nisi he was receiving a salary of $5,000 yearly, on
which he paid taxes at the then rate. On April 19, 1943,
the libellee remarried in the State of New Jersey, and since
that date has lived in New Hampshire, travelling by auto-
mobile from his home in Nashua to his place of business in
Lowell. He now receives a gross annual salary of $7,080.
After deduction of taxes, group and pension insurance, old
age assistance and other payments, he has a net receipt
from salary of $5,600. The only reason for relief now put
forward by the libellee is that his financial condition is such
that he cannot comply with the terms of the decree.

In concluding his findings of material facts the judge
stated that he found "that there is no basis on the evidence

for the modification of the decree." We interpret this to mean that the judge was not satisfied on the evidence that the libellee had sustained the burden of proving that such a change in circumstances had occurred since the entry of the decree as would justify the modification. In any event, under the familiar rule it is our duty to examine the evidence and to decide the case according to our own judgment, drawing such inferences as we deem proper, there being no variation in any essential respect in the testimony of the parties, and exercising our own discretion but giving due weight to the findings of the judge, which will not be reversed unless plainly wrong. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178, and cases cited. *MacLennan* v. *MacLennan*, 316 Mass. 593, 595. So doing, and recognizing that an order for payment of a lump sum or sums by way of alimony (see *Burrows* v. *Purple*, 107 Mass. 428; *Baird* v. *Baird*, 311 Mass. 329, 333, and cases cited) is subject, just as any orders in other terms for payment of alimony, to revision as provided in G. L. (Ter. Ed.) c. 208, § 37 (see *Chapin* v. *Chapin*, 135 Mass. 393; *Watts* v. *Watts*, 314 Mass. 129, 133, and cases cited), we discover no error in the findings of the judge or in his ultimate conclusion. That the libellant has remarried is not a controlling circumstance. A finding is not required upon the evidence that thus the libellant was deriving support adequate to her needs (compare *Southworth* v. *Treadwell*, 168 Mass. 511, 512–513). Moreover, the orders for payment in question were made for the support of the minor son of the parties as well as for that of the libellant. An examination of the evidence makes manifest that the order for payment of alimony sought to be modified was entered with the full understanding and approbation of the libellee, and that there has been no such change in his circumstances or in those of the libellant as would call for the exercise of discretion otherwise than as it was exercised by the judge.

*Decree affirmed.*