RONNI R. ROBBINS *vs.* SAUL L. ROBBINS.

Norfolk.    October 5, 1961. — November 29, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Divorce,* Alimony, Modification of decree.  *Annulment of Marriage.  Judgment.  Constitutional Law,* Full faith and credit.

A decree for alimony in a divorce proceeding cannot be modified under G. L. c. 208, § 37, unless the modification is justified by a change in circumstances since the entry of the decree.  [249]

A judgment of a court of another State having jurisdiction must, under the full faith and credit clause of the Federal Constitution, be recognized in Massachusetts as valid and binding even if it was erroneous in law.  [250]

A remarriage of a divorced woman to another man which was annulled a few months after it took place was not in itself a change in circumstances sufficient to justify a modification of the decree of divorce striking therefrom provisions for periodic payment of alimony to the woman by her former first husband.  [251–253]

LIBEL for divorce filed by Ronni R. Robbins in the Probate Court for the county of Norfolk on May 7, 1958.

Following a decree of divorce, there were proceedings on a petition by the libellee, Saul L. Robbins, filed on June 15, 1960, for modification of the decree with respect to alimony. From a decree by *Hickey,* J., on such petition the libellant, Ronni R. Robbins, appealed.

*Joseph B. Abrams, (Robert J. Sherer* with him,) for Ronni R. Robbins.

*Haskell C. Freedman,* for Saul L. Robbins.

SPALDING, J.  Ronni R. Robbins and Saul L. Robbins were married in this Commonwealth on April 19, 1953. Five years later on a libel brought by the wife in the Probate Court for Norfolk County, the parties were divorced, the decree becoming absolute on November 10, 1958.  Under the decree the husband was ordered to pay to the wife the sum of $6,000 within certain specified periods, and in addition $100 per week.  On September 13, 1959, in this

Commonwealth, the wife married one Paul Goodman, a resident of Missouri. Following the marriage, Ronni and Goodman went to Missouri where they lived together for only two days. A few weeks later Ronni returned to Boston. Thereafter she instituted annulment proceedings in the Circuit Court of Kansas City, Missouri, and a decree annulling the marriage was entered by that court on January 11, 1960.[1]

The present proceeding is a petition brought by Saul (petitioner) against Ronni (respondent), after the decree of annulment, for a modification of the alimony decree. The petition for modification alleged that the marriage of the respondent to Goodman "constituted such a substantial change in the circumstances" as would warrant a modification of the decree. The modification prayed for was that the petitioner be relieved from all payments of alimony subsequent to September 13, 1959. On September 8, 1960, a decree was entered modifying the original decree "by striking therefrom all provisions for payment of alimony as of September 8, 1960; and that any arrearages that may be due . . . [under the original decree to and including that date] are to be paid forthwith; all until the further order of the Court." From this decree the respondent appealed. The evidence is reported and the judge made a report of the material facts.

The findings of the judge which are pertinent to the issue before us (the correctness of the modification decree) are these. The decree of annulment in Missouri was entered by "a court of competent jurisdiction." After stating the grounds which were the basis for that decree (misrepresentations as to age, health, "building a home," and raising a family), the judge stated, "The respondent may have been deceived by Goodman as to his age and general health and as a result of such deception entitled to an annulment

---

[1] The petition for annulment alleged in substance that she was induced to marry Goodman on representations that he was forty-two years of age, in good health, and would "build a home" and raise a family, and that none of these representations was true. In the decree of annulment the court found that the allegations set forth in the petition were true.

under the laws of . . . Missouri, but she was of sound mind
and capable of understanding the full meaning, legally and
morally, of the marriage contract.  The thirty-one year old
respondent lives with her parents in Newton''; she ''has
not worked since her divorce from the petitioner.''  Her
vision in both eyes ''is impaired to a limited degree, but
notwithstanding the deficiency she has a license to operate
and does operate a motor vehicle.''  She is ''capable of
pursuing some type of remunerative vocation.''  The judge
concluded that on ''the basis of the above facts'' the re-
spondent was not entitled to further alimony.

1.  The authority for modification of an alimony decree
is found in G. L. c. 208, § 37, which reads: ''After a decree
for alimony or an annual allowance for the wife or children,
the court may, from time to time, upon the petition of either
party, revise and alter its decree relative to the amount of
such alimony or annual allowance and the payment thereof,
and may make any decree relative thereto which it might
have made in the original suit.''  Although this statute ap-
pears on its face to give complete discretion to the court in
the revision of alimony decrees, this court has repeatedly
said that no modification can be made unless the petitioner
shows a change of circumstances since the entry of the
earlier decree.  *Southworth* v. *Treadwell,* 168 Mass. 511.
*Smith* v. *Smith,* 190 Mass. 573, 575.  *McIlroy* v. *McIlroy,*
208 Mass. 458, 464–465.  *Coughlin* v. *Coughlin,* 312 Mass.
452, 454.  *Ziegler* v. *McKinlay,* 318 Mass. 765, 767.  *Coe* v.
*Coe,* 320 Mass. 295, 306–307.  *Whitney* v. *Whitney,* 325
Mass. 28, 31–32.  *O'Brien* v. *O'Brien,* 325 Mass. 573, 576.
Our law is in harmony with the great weight of authority
on this subject.  See annotation in 18 A. L. R. 2d 13, 17
et seq.; Am. Jur., Divorce and Separation, § 742.  And the
basis for this rule is sound.  The parties have had their
day in court and the issue ought not to be relitigated unless
there has been a change of circumstances after the entry of
the original decree.

2.  The only material evidence introduced by the hus-
band to show a change in circumstances relates to the wife's
remarriage and its subsequent annulment.  The respond-

ent's marriage to Goodman, if not annulled, would have been such a material change in circumstances as to justify a revision of the former decree. *Southworth* v. *Treadwell,* 168 Mass. 511, 512. Compare *Zeigler* v. *McKinlay,* 318 Mass. 765, 767. But the marriage was annulled, as the judge below found, by a "court of competent jurisdiction." The only ground suggested for impeaching the annulment decree is an alleged mistake of law by the Missouri court. It is conceded in the respondent's brief that the Missouri court might possibly have erred "either in not applying Massachusetts law or in applying it incorrectly." The findings of the judge shed no light on this point. For purposes of this appeal, we assume with the petitioner that Missouri incorrectly applied its own conflict of laws rule in the annulment proceeding by failing to apply the law of the place of the marriage (Massachusetts). See *Hartman* v. *Valier & Spies Milling Co.* 356 Mo. 424, 432–433, and *Levy* v. *Levy,* 309 Mass. 230, 233. But this is not a sufficient basis for attacking the decree. Even if the Missouri court failed to apply correctly its conflict of laws rule, the full faith and credit clause of the Federal Constitution would require the courts of this Commonwealth to treat the Missouri annulment decree as a final and binding adjudication of the respondent's marriage status with Goodman. *Sutton* v. *Leib,* 342 U. S. 402. It is settled law that a foreign judgment cannot be denied recognition solely because of error of law or fact which does not affect the jurisdiction of the court rendering the judgment. *Fauntleroy* v. *Lum,* 210 U. S. 230. *American Exp. Co.* v. *Mullins,* 212 U. S. 311. *Roche* v. *McDonald,* 275 U. S. 449. *Titus* v. *Wallick,* 306 U. S. 282. Restatement: Conflict of Laws, § 431. The "full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based." *Milliken* v. *Meyer,* 311 U. S. 457, 462. In the light of these principles we must deal with the case on the footing that there has been a valid annulment of the respondent's marriage to Goodman.

3.  There remains the question whether the annulled marriage to Goodman constitutes a change of circumstances sufficient to support the decree below.  The respondent's remarriage, which was fraudulently procured, was voidable but not void.  It has been stated generally that an annulment decree relates back and makes such a marriage void from its inception.  *Callow* v. *Thomas,* 322 Mass. 550, 553, and cases cited.  It is the respondent's contention that an application of this principle requires the conclusion that nothing of legal significance remains after the annulled marriage to justify a finding of changed circumstances.  However, as we pointed out in the *Callow* case, the relation-back doctrine has not been applied by the courts remorselessly where to do so would work a hardship.  322 Mass. 550, 553–555.

The problem of the effect of an annulled marriage on the duty to pay alimony has arisen in cases where the first husband's duty to pay was, by the terms of the decree, to end in the event of the wife's remarriage.  *Sleicher* v. *Sleicher,* 251 N. Y. 366.  *Sutton* v. *Leib,* 199 F. 2d 163 (7th Cir.).  See *Boiteau* v. *Boiteau,* 227 Minn. 26.  See also note 48 A. L. R. 2d 270, 276.  The case of *Sleicher* v. *Sleicher,* is pertinent to the problem at hand.  There a wife obtained a divorce with a decree awarding her alimony so long as she remained unmarried.  She subsequently remarried, but that marriage was annulled.  Upon the remarriage the first husband discontinued alimony payments.  After the annulment the wife sought alimony from the time of the remarriage.  It was held that she was entitled to alimony for the period following the annulment.  The court per Cardozo, Ch. J., said that the annulment "effaced [the marriage] as if it had never been."  P. 369.  The court held, however, that it would be unjust to extend the relation-back principle to the period prior to the annulment.[1]  A contrary result on somewhat similar facts was reached by the Su-

---

[1] The case at bar does not present the question whether the petitioner is liable for alimony for the period between the respondent's remarriage and the annulment.

preme Court of California in *Sefton* v. *Sefton,* 45 Cal. 2d 872. The case of *Gaines* v. *Jacobsen,* 308 N. Y. 218, might seem at first blush to be at variance with the *Sleicher* case but actually it is not. In the *Gaines* case the fact that, under a statute enacted after the decision in the *Sleicher* case, the wife could have obtained alimony in the annulment proceedings was held to make the *Sleicher* decision inapplicable.[1] The doctrine of the *Gaines* case would not be applicable here, for it was not open to the respondent to obtain alimony in an annulment proceeding instituted by her in Missouri. *Kruse* v. *Kruse,* 231 Mo. App. 1171, 1176–1177.

We are of opinion that under our statutes the circumstances of a later marriage and its annulment must be examined in each instance to determine whether they constitute a significant change in circumstances occurring after the original decree. There should be no hard and fast rule one way or the other. The relation-back principle effacing the marriage may in many cases result in there being no such significant change in circumstances as would justify modification. But cases can readily be imagined where it would be unrealistic as well as unjust to hold that the annulled remarriage did not constitute a significant change of circumstances. Such a case, for example, would be one where there had been a change of position by the husband in reliance on the later marriage. There are doubtless others; we make no attempt to list them. The question is whether there has been a real, as distinct from an apparent, change of circumstances. Applying these principles, we are of opinion that the petitioner has not established that the annulled remarriage has resulted in a change of circumstances that would justify a modification of the decree. The con-

---

[1] The petitioner has argued, under the reasoning in the *Gaines* case, *supra,* that there was a change of circumstances in that the respondent could have sought a divorce in Missouri, and thus have received alimony, on the same grounds upon which the annulment was granted. The short answer to this argument is that it does not appear from the record in the annulment proceedings, which is before us, that the grounds upon which the annulment was granted would serve as grounds for a Missouri divorce. Anything said by the respondent in her testimony tending to amplify, modify or contradict the grounds set forth in that record was of no effect. *Bryer* v. *American Sur. Co.* 285 Mass. 336.

clusion of the judge to the contrary was plainly wrong. We have not overlooked his findings on the respondent's earning capacity. But the evidence is before us, and we are of opinion that it does not show a significant change of circumstances.

The decree is reversed and the alimony provisions of the original decree are to be reinstated as of the date of the modification decree.

*So ordered.*