MARGARET M. PUR-SHAHRIARI *vs.* ALI A. PUR-SHAHRIARI
(and a companion case).

Suffolk.  February 7, 1969. — April 10, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Probate Court,* Appeal.

A Probate Court had no power to dismiss a libellee's appeal from a decree
nisi of divorce because of his contempt in failing to pay alimony and
an attorney's fee ordered by that decree.

CROSS LIBELS for divorce filed in the Probate Court for
the county of Suffolk on September 27, 1965, and Febru-
ary 9, 1967.

The husband appealed from decrees entered by *Wilson,* J.

*Daniel F. Featherston, Jr.* (*Daniel Klubock* with him) for
Ali A. Pur-Shahriari.

*Meyer H. Goldman* for Margaret M. Pur-Shahriari.

WHITTEMORE, J.  No basis is shown for reversing the
decrees of the probate judge on cross libels for divorce,
dismissing the husband's libel and awarding a divorce for
cruel and abusive treatment to the wife with custody of
two minor children (girls, born respectively, in July, 1964,
and October, 1966), support for the wife and children of
$100 a week, and counsel fee of $800.  We have reviewed
and made our own appraisal of the evidence in this bitterly
contested case and conclude that in no aspect were the
decrees plainly wrong.

We have given careful consideration to the evidence on
which the husband relies to support his contention that
the mother should not have custody.  It will serve no pur-
pose to recite the evidence in this opinion.  We conclude
that notwithstanding the mother's daily work at her medical
profession and her nervous and distraught state in a period
in which she used prescription drugs, the reasonable likeli-

hood is that with marital tensions removed, the home with the mother will be the right place for the children. Their welfare will of course remain a concern of the Probate Court.

The husband shows no basis for modification of the support order. A physician, he now has a position in Philadelphia with an income of about $16,000 a year. There is no basis for a reversal because of asserted manifestations of the judge's alleged prejudice against the husband. Most of the references to the transcript show his impatience with questions to witnesses that the judge deemed not to bear on the main issues. The judge's report of material facts and his denial of a motion for a new trial show that he learned of an alleged threat by the husband only after he had already determined his decision. Comments by the judge at the time of the motion for a new trial as to the defendant's credibility and as to his feeling that if he had the power he should dismiss the appeal because of contempt, do not show that the issues were decided otherwise than on their merits.

We have dealt with the case on the merits for we think there was no power in the Probate Court to dismiss the husband's appeal from the decree nisi because of the husband's contempt for falling behind in the alimony payments and not paying the attorney's fee (although at the same time finding $1,400 to pay for printing the record). The power of this court to dismiss an appeal because of contempt of the appellant in thwarting the decree of custody from which the appeal is taken and thus preventing "an orderly settlement of the controversy" (*Henderson* v. *Henderson,* 329 Mass. 257, *Ellis* v. *Doherty,* 334 Mass. 466, 467–468) is a function of our appellate jurisdiction. It is not an exercise of a power to punish for contempt, a power which the Probate Court also has. G. L. c. 215, § 34. Nothing in *Sloane* v. *Sloane,* 349 Mass. 318, 319, cited by the wife, suggests that the power to dismiss for interfering with the appellate process extends to the Probate Court.

The decree dismissing the appeal is reversed. The decrees dismissing the husband's libel and awarding the

wife a divorce, custody and alimony and counsel fees are affirmed. The decree denying the motion for a new trial is affirmed.

*So ordered.*