CHARLES B. MEAD *vs.* PATRICIA M. MEAD.

Middlesex.   May 14, 1974. — May 30, 1974.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Divorce,* Modification of decree.

In a divorce proceeding in a Probate Court in which, a few months after entry of a decree of divorce incorporating an agreement of the parties making detailed financial arrangements for the support of the former wife and of children of the parties, the Probate Court, on a petition for modification by the former husband, entered a decree making radical changes, disadvantageous to the former wife and the children, in such arrangements, the decree of modification must be reversed where no change of circumstances justifying it appeared and it did appear that the best course would be to carry out such arrangements as originally written.   [338-340]

PETITION for modification of decree filed in the Probate Court for the county of Middlesex on July 19, 1971.

The case was heard by *Freedman,* J.

*Lloyd S. French* for the libellee.

*Chester Darling* for the libellant.

KEVILLE, J.   The Meads were married for twenty years and have four children ranging in age from fourteen to eighteen.   On January 22, 1971, Mr. Mead was granted a decree nisi of divorce on the ground of cruel and abusive treatment.   Mrs. Mead was given custody of the children. Incorporated in that decree was an agreement of the parties containing detailed arrangements for the support of Mrs. Mead and the children.   This agreement was the result of extended negotiations between the Meads, their lawyers and the probate judge who heard the divorce.

Less than six months later Mr. Mead filed a petition for modification which was allowed, after a hearing, by

another judge. The case comes here on the appeal of Mrs. Mead with a report of the evidence but no report of material facts. On an appeal presented to us in this posture, all questions of law, fact and discretion are open for our determination. The judge's decree imports a finding of each fact essential to sustain it which is supported by the evidence, and such findings will not be reversed unless plainly wrong. *Colbert* v. *Hennessey,* 351 Mass. 131, 134 (1966).

A detailed recitation of the terms of the agreement embodied in the decree nisi and those contained in the modification would serve no useful purpose. In substance, the agreement called for the payment of a weekly sum as alimony for Mrs. Mead and a weekly sum for support for the children. Two trusts were to be established for the education of the children and for the support of Mrs. Mead. These were to be funded by Mr. Mead in the sum of $60,000 from inheritances from the estates of his parents now deceased. There were other provisions for the conveyance of property to Mrs. Mead and for life insurance to protect her and the children. Parenthetically, except for the payment of the weekly sums for alimony and support, Mr. Mead, prior to the allowance of his petition for modification, had largely failed to honor his obligations under the agreement.

The decree as modified is a radical departure from the terms of the initial decree. It, inter alia, completely abrogates the provisions for the $60,000 in trust funds, the trustees of which were to be Mrs. Mead and her counsel. Substituted therefor is a naked promise on the part of Mr. Mead to contribute not in excess of $10,000 toward the reasonable costs of each child's college education. It also imposes upon Mrs. Mead an income tax disadvantage by revising weekly payments for alimony and support.

Despite a careful reading of the testimony, we find nothing in the way of change of circumstances either in Mr. Mead's earning capacity or in his financial resources

which would justify the terms of the modified decree. Absent a change in circumstances, such a modification is unwarranted. *Hines* v. *Hines*, 329 Mass. 190, 191 (1952). *Robbins* v. *Robbins*, 343 Mass. 247, 249 (1961), and cases cited. On the contrary, the evidence demonstrates that Mr. Mead's financial position has, if anything, improved rather than declined since the entry of the decree on January 22, 1971. Moreover, his obvious reluctance and failure to expedite the terms of the agreement embodied in that decree persuade us that the management of the funds, which he had expressed a willingness to contribute to the support of Mrs. Mead and the children, will rest more reliably in her hands and that of her cotrustee. Furthermore, the history of domestic strife which permeates this record would be less likely to be exacerbated, in our judgment, were the financial resources for the benefit of Mrs. Mead and the children to be managed under the terms of the original agreement. It is our conclusion, therefore, that the decree of modification was wrong and must be reversed.

*So ordered.*