UNITED STATES of America,
Plaintiff,

v.

Owen M. RYE and Lillian L. Rye,
Defendants.

Civ. A. No. 72-357-S.

United States District Court,
D. Massachusetts.

March 12, 1975.

Wayne B. Hollingsworth, Asst. U. S. Atty., Boston, Mass., Michael B. Dickman, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

William Highgas, Jr., Corkery, Highgas, Hall & Bonnell, Cambridge, Mass., Owen M. Rye, pro se, for defendants.

## FINDINGS AND RULING

SKINNER, District Judge.

I find that the defendant Lillian L. Rye owes a total of $4,782.60 in arrears of income taxes, penalties and interest to date, and I find, adjudge and decree

that the United States has valid and subsisting liens in the said amount upon all property and rights to property of Lillian L. Rye ("Lillian").

I further find that at no time material hereto did the defendant Owen M. Rye ("Owen") hold any property of Lillian, nor did she have a right, title or interest in any property held by him.

Mr. and Mrs. Rye were divorced in June 1962 by a decree of the Norfolk Probate Court, which among other things ordered Owen to pay a certain amount for support of Lillian and a certain further amount for the support of their children. After a series of modifications, by order of January 6, 1969, these amounts were fixed at $240 monthly for Lillian and $300 monthly for the children.

On September 30, 1969, Owen made and mailed a check in the amount of $540 to Lillian, which she received on either October 1 or October 2, and which was received for deposit by her bank on October 6. On October 1, 1969 at 9:25 A.M., the local Collector of Internal Revenue served a Notice of Levy on Owen for the purpose of levying upon property of Lillian in his hands and applying it to Lillian's tax liability. Owen has contined to pay the support orders when due up until the summer of 1974, when he unilaterally reduced his support payments because he was making college payments for the children.

The government claims that the right to receive periodic support payments is a "right to property" to which the government's tax lien has attached. It asserts that from the time the Notice of Levy was served upon him Owen was obliged to make his monthly payments of $240 to the Internal Revenue Service until Lillian's tax liability was satisfied.*

They say further than even if the right to future payments was not a right to property, on October 1, 1969 the October payment had become due and payable, and Lillian's interest in it had ripened into an interest in property. Owen at this point could have stopped payment on the check to Lillian. The government claims that it is thus entitled to at least $240.

■ Neither proposition is tenable. Massachusetts law determines the property rights. United States v. Bess, 357 U.S. 51, 55, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). Under Massachusetts law, an order for the support of a divorced wife may be modified at any time, not only for future payments, but *also as to payments that are in arrears*. The right to such support is not assignable and the decree is not a judgment for a sum certain upon which an action may be brought. Watts v. Watts, 314 Mass. 129, 49 N.E.2d 609 (1943). Lillian thus had no property right in these support payments, even after they became due and payable, until they were actually paid. After they were paid, of course, they were no longer in the hands of Owen.

■ In one of the many modifications of the divorce decree, the Norfolk Probate Court ordered Owen to pay Lillian's 1962 and 1965 income taxes. He has never done so. The government asserts that it has standing to enforce this order by direct action against Owen. It offers no authority in support of this startling proposition. The order of the Probate Court was made for the benefit of Lillian, not the Internal Revenue Service. The government does not have standing to enforce it by direct action against Owen.

Accordingly, judgment shall enter for the plaintiff against Lillian L. Rye in the amount of $4,782.60, plus $.52 for each day and $6.59 for each month after March 12, 1975 that this judgment remains unsatisfied. The complaint against Owen M. Rye is dismissed.

* The government is relying on § 7403 of the Internal Revenue Code.