Kitty Park McCORD, Appellant,

v.

William H. McCORD, Jr., Appellee.

Court of Appeals of Kentucky.

Sept. 2, 1977.

S. J. Stallings, Robert G. Stallings, Louisville, for appellant.

Eli J. George, Jr., Louisville, for appellee.

Before COOPER, WINTERSHEIMER and REYNOLDS, JJ.

REYNOLDS, Judge.

Jefferson Circuit Court entered an opinion and order precluding wife from enforcing an alimony agreement with first husband after the annulment of wife's second marriage. Appellant herein, the former wife, appeals from this order.

The appellant, Kitty McCord, and the appellee, William McCord, were married in 1961 and subsequently divorced in 1969. A separation agreement between the parties had been incorporated into their judgment of divorce which provided:

4. As periodic installment alimony William H. McCord, Jr. will pay Kitty Park McCord the sum of $300.00 per month until the death of either party or her remarriage or the passage of eighty-four (84) months whichever first occurs, being taxable to her and deductible to him. (Emphasis added)

The record reflects that on May 29, 1973 the appellant and her drinking companion, Billy Moore, were married and lived together until July 16, 1973 when both parties reached some degree of sobriety. Thereafter Billy Moore filed an uncontested action for annulment, and judgment was thereafter entered on January 24, 1974 by Jefferson Circuit Court. The appellee, William McCord, made no alimony payments. After the entry of the judgment of annulment, appellee was denied a right to intervene in the action. The appellant moved for a rule in the original action, requiring appellee to show cause why he should not pay the alimony recited in the original separation agreement and judgment of divorce. The chancellor, in a studied opinion, denied the reinstatement of the alimony award and dismissed appellant's motion for the show cause order.

Appellant argues that a wife is not precluded, as a matter of law, from enforcing an alimony agreement, incorporated in a prior divorce judgment, when the wife's subsequent remarriage is annulled. The obligation to pay alimony, once terminated, and the question of its reattachment on the annulment of a subsequent marriage is an issue somewhat novel in this jurisdiction. Both parties have cited authority which, if adopted, would support their suggested reasoning.

Some jurisdictions have adopted an inflexible rule that where there is a ceremonial marriage it invariably and automatically terminates a prior alimony obligation. See, e. g., *Surabian v. Surabian,* 362 Mass. 342, 285 N.E.2d 909 (1972); *Beebe v. Beebe,* 227 Ga. 248, 179 S.E.2d 758 (1971); *Chavez v. Chavez,* 82 N.M. 624, 485 P.2d 735 (1971). Other jurisdictions have adopted an equally inflexible position that the annulment of a second marriage automatically revives the alimony obligations resulting from a subsequent marriage. See, e. g., *Sleicher v. Sleicher,* 251 N.Y. 366, 167 N.E. 501 (1929); *Robbins v. Robbins,* 343 Mass. 247, 178 N.E.2d 281 (1961). See also, *Annot.* 45 A.L.R.3d 1033, 1041 § 5(a).

In *Gaines v. Jacobsen,* 308 N.Y. 218, 124 N.E.2d 290 (1954), the New York Court refused to follow Chief Justice Cardozo's reasoning in *Sleicher, supra,* stating that the purposes of justice were better served by limiting a wife to her right to support from the annulled marriage.

The trial chancellor in this case has interpreted that the marriage was voidable, thereby noting a distinction between marriages which are void and those which are merely voidable. We agree with his well reasoned opinion that this void-voidable distinction is to be given weight in determining whether prior alimony obligations should be revived. But, the void-voidable distinction is not controlling in and of itself.

We acknowledge the advantage the trial court has in interpreting its own records and decrees and of its powers of observation. Therefore, its opinion should be given great weight in a matter of this sort.

It is the opinion of this court that inflexible rules of construction should not be binding upon a court of equity when a matter of this sort is at issue. Therefore, we adopt the middle ground, appropriate to a court of equity, that public policy is best served when the equities in favor of either revival or preclusion of alimony are balanced against each other. This position was recently adopted by the Iowa Supreme Court in *Peters v. Peters,* 214 N.W.2d 151 (1974), and the general facts involved therein are seemingly similar to the facts of this case. However, a close examination of the *Peters* case demonstrates that the duration of the annulled marriage and the determination by the lower court were distinguishable. While equity operates on fixed rules, as well defined as are the rules of law, it exercises a judicial discretion which may be likened to the civil conscience, and which may vary in the relief accorded, according to the particular facts and circumstances of the particular case. *Cox v. Burgess,* 139 Ky. 699, 96 S.W. 577 (1906).

We therefore affirm the order and opinion of the trial court and, in effect, this court declines to accept either appellant's reasoning or invitation to reward appellant for the six weeks' sojourn which had launched her upon the matrimonial seas for the third time.

All concur.