COMMONWEALTH of Kentucky ex rel. Steven L. BESHEAR, Attorney General, Appellant,

v.

ABAC PEST CONTROL, INC. and Henry L. Freckman, Sr., Administrator of the Estate of Henry L. Freckman, Jr., Appellees.

Court of Appeals of Kentucky.

Oct. 2, 1981.

Steven L. Beshear, Atty. Gen., Frankfort, Susan N. Mastin, Asst. Atty. Gen., Consumer Protection Division, Frankfort, for appellant.

Martin W. Mitchell, Covington, for appellees.

Before COOPER, GUDGEL and WINTERSHEIMER, JJ.

GUDGEL, Judge.

This is an appeal from a judgment entered by the Kenton Circuit Court in a consumer protection action. Appellant, the Attorney General, contends that the trial court erred in two respects: first, by determining that KRS 367.200 does not authorize the Attorney General to seek restitution on

behalf of the victims of consumer fraud; and second, by adjudging that the president and sole shareholder of the corporation which was found to have engaged in deceptive acts and practices in violation of the Consumer Protection Act, was not personally liable for those violations. We agree with the Attorney General's first contention, but disagree with his second contention. Accordingly, we affirm in part and reverse in part.

The Attorney General filed this action on August 25, 1976. The complaint alleged that ABAC Pest Control, Inc. (ABAC) and Henry Freckman, Jr., in violation of the Consumer Protection Act, made fraudulent representations to prospective customers in order to gain access to their homes, made misrepresentations concerning the cost and financing of their services, and rendered inadequate and unneeded services. Requests for injunctive relief against the continued use of such practices, the imposition of a civil penalty, and restitution for any consumers defrauded were made. An eight-day nonjury trial was held. On May 1, 1978, the court filed a memorandum of decision and judgment.

The Attorney General appealed to this Court, but the appeal was dismissed because the judgment appealed from was interlocutory. The trial court subsequently entered a final judgment on November 24, 1980, in which it: (1) dismissed Henry Freckman, Jr., the president and sole shareholder of ABAC, as a party to the action; (2) enjoined ABAC from making certain enumerated representations to consumers and from engaging in certain deceptive acts and practices; (3) adjudged that the Attorney General was not entitled to seek restitution on behalf of the consumers defrauded by ABAC; and (4) directed ABAC to pay a civil penalty of $1,000.00. This appeal followed.

The Attorney General contends that the court erred by determining that KRS 367.-200 does not authorize him to seek restitution on behalf of defrauded consumers. We agree. The statute provides as follows:

The court may make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any practice declared to be unlawful by KRS 367.110 to 367.300, including the appointment of a receiver or the revocation of a license or certificate authorizing any person to engage in business in the common wealth or both.

The court found that the statute only permits the trial court to award restitution to "any person in interest," that only persons who are actually parties to the suit may be found to be "parties in interest" under the statute, and that since no individual consumers were parties to this action, the remedy of restitution was not available. We disagree with this finding.

KRS 367.200 immediately follows KRS 367.190. The latter statute authorizes the Attorney General to seek injunctive relief. The statute immediately following KRS 367.200, KRS 367.210, authorizes the court to appoint a receiver to take possession of the assets of a company which has engaged in illegal acts and practices. In addition, this statute provides that any person who has suffered damages is entitled to submit satisfactory proof to the court and participate with general creditors in the receiver's distribution of those assets. The next section of the statute, KRS 367.220, authorizes a person who has suffered a loss to bring a private action in the circuit court to recover damages.

Obviously, since KRS 367.220 specifically provides for actions by private persons injured as a result of deceptive acts and practices, there was no need for the legislature to have enacted KRS 367.200 dealing with restitution, and KRS 367.210 dealing with the power of receivers, unless it intended to vest someone other than private persons with the authority to seek restitution. We hold, therefore, that the legislature, in enacting KRS 367.200, intended to vest the Attorney General with the authority to seek restitution on behalf of defrauded consumers, and that the authority may be exercised concurrently with his authority to maintain an action for injunctive relief

under KRS 367.190. Our determination comports with the authorities in this jurisdiction that a court of equity possesses the inherent power to require restitution once it has acquired general equity jurisdiction. *See McCord v. McCord*, Ky.App., 558 S.W.2d 624 (1977); and the decisions of two supreme courts in other jurisdictions which have had an opportunity to interpret substantially identical statutes. *People v. Pacific Research Co.*, 20 Cal.3d 10, 141 Cal. Rptr. 20, 569 P.2d 125 (1977); *State v. Ralph Williams' N.W. Chrysler Plymth., Inc.*, 82 Wash.2d 265, 510 P.2d 233 (1973).

In addition, valid public policy considerations support our decision. It is unrealistic to assume that a majority of individual consumers in a given case will take advantage of their private right of action for damages under KRS 367.220. On the contrary, we are satisfied that because of the costs and expenses associated with prosecuting such actions, and the ordinarily minimal sums recoverable as damages by an individual consumer, most consumers will elect not to file a private action. Therefore, only by recognizing the right of the Attorney General to seek restitution under KRS 367.200 can we give effect to the expressed intention of our legislature to provide a strong consumer protection program which safeguards the public interest and the well-being of consumers. *See* KRS 367.120.

*In re Glen Turner Enterprises Litigation*, 521 F.2d 775 (3d Cir., 1975), relied upon by the trial court in making its decision, is distinguishable. There, the Third Circuit Court of Appeals agreed with the Kentucky Attorney General that he is not authorized to represent consumers in a federal consolidated class action involving citizens of forty-one states. In making its decision, however, the court specifically recognized that it was without legislative or judicial guidance on the extent to which the Attorney General is authorized to represent consumers under our act, and thus limited its decision to a determination that our Attorney General is not entitled to represent consumers in federal actions. Further, nowhere in the *Glen Turner Enterprises* case, *supra*, did the Attorney General take the position that he did not have authority to seek restitution under KRS 367.200 in state actions, and the court did not consider that issue.

Next, the Attorney General contends that the court erred by dismissing his claim against Henry Freckman, Jr. We disagree. In its May 1, 1978 memorandum, the court made the following finding relative to the claim against Mr. Freckman:

(3)(A) ABAC Pest Control, Inc., (herein called ABAC), was incorporated in Kentucky on January 1, 1974. A pest control license was issued to the corporation in June 1974. Henry L. Freckman, Jr. (herein called Freckman) is the sole shareholder, sole director and president of ABAC.

(B) Prior to incorporating ABAC, Mr. Freckman and his wife operated an unincorporated pest control business.

(C) In the operation of ABAC, Freckman: Maintained a separate corporate bank account into which all corporate receipts were deposited; established proper accounting procedures and kept proper accounting records for the company; established and kept proper corporate records and held regular annual corporate meetings; filed corporate tax returns; Freckman, as president of ABAC, was paid a salary, and did not receive dividends or bonuses; Freckman adequately capitalized and financed the company; did not intermingle or mix his own and the company's assets or funds, and procured a corporate pest control license.

The Court therefore concludes that ABAC was an entity separate and distinct from Freckman, its sole stockholder, and thus that Freckman is not personally liable in this action. *Veterans Service Club v. Sweeney*, Ky., 252 S.W.2d 25 (1952).

There is also an absence of proof that Freckman personally perpetrated fraud on a consumer.

The action will be dismissed as to Freckman.

The Attorney General contends that a shareholder should not be allowed to use a corporate entity to relieve himself from personal liability for fraudulent activity be-

cause such a determination would subvert the public policy which motivated enactment of our Consumer Protection Act. He argues that the court erroneously relied upon the corporate formality test to absolve Mr. Freckman of liability.

■ It is settled that a court will ignore a corporate entity where it serves as a shield for fraudulent or criminal acts or where it serves to subvert the public policy of this state. *Big Four Mills v. Commercial Credit Co.*, 307 Ky. 612, 211 S.W.2d 831 (1948). In *Veterans Service Club v. Sweeney, supra*, the Court said:

> The facts developed in the case at bar justified the finding by the Chancellor that the incorporation was but a cloak or mask devised by the incorporators to cover their illegal acts of gambling and to shield them from the consequences of these acts. In such a case the corporate form will be disregarded to the same extent as if it were nonexistent and liability will be fixed upon those who attempt to employ this type of instrumentality as a protective measure for their unlawful practices. It is a stern but just maxim of law that fraud vitiates everything into which it enters.

Again, in *Dare to Be Great, Inc. v. Kentucky ex rel Hancock*, Ky., 511 S.W.2d 224 (1974), the Court said: "[G]enerally a corporation will be looked upon as a separate legal entity but when the idea of separate legal entity is used to justify wrong, protect fraud or defend crime the law will regard the corporation as an association of persons."

Appellant points to testimony by former employees of ABAC that Mr. Freckman was cognizant of the deceptive schemes employed by the company's employees to secure contracts, and knew that salespersons were misleading customers. He urges that the court erred by failing to follow the rationale enunciated in the cases discussed above and find that Mr. Freckman was personally liable. However, Mr. Freckman testified that one of his major duties was to prevent his employees from engaging in deceptive acts and practices. He testified that he took polygraphs and affidavits from them, terminated those found to have engaged in deceptive practices, and on one occasion refunded some $6,000.00 to $10,000.00 on certain contracts. Thus, the evidence was conflicting as to whether Mr. Freckman was an active participant in the illegal acts and practices, or merely victimized by his own employees. In each instance where appellant introduced damaging evidence of his participation in the fraud, he either denied the allegation, or explained it to the satisfaction of the trial judge.

■ The rule that a corporate entity will be disregarded where it serves as a shield for fraudulent acts of individuals is not absolute. There must be evidence that the individual against whom personal liability is sought to be imposed actively participated in the fraudulent scheme, or was aware of its existence and did nothing about it.

■ The court found in effect that Mr. Freckman did not personally perpetrate any fraud and should not be held personally liable for the fraudulent acts of ABAC's employees. While this Court may well have reached the opposite conclusion, the trial court, sitting as the trier of fact, was entitled to judge the weight and credibility to be accorded the testimony of the witnesses. There is sufficient evidence to support the court's finding that Mr. Freckman did not personally engage in the fraud practiced by the employees of his corporation. Therefore, we cannot say that the court's determination that Mr. Freckman should not be held personally liable is clearly erroneous. Accordingly, that finding may not be disturbed. CR 52.01.

So much of the court's judgment as adjudges that the Attorney General is not entitled to seek restitution under KRS 367.200 is reversed and remanded for further proceedings consistent with this opinion; the remainder of the judgment is affirmed.

All concur.