IRENE F. BLIEDEN *vs.* MILTON H. BLIEDEN. July 30, 1982. After a hearing on cross complaints for divorce, a probate judge entered a judgment of divorce nisi on the wife's complaint. This case comes before us on appeal by the husband from the judgment dismissing his complaint for

modification of the judgment. We hold that the husband's complaint for modification contained sufficient allegations of a "change of circumstances," see *Robbins* v. *Robbins,* 343 Mass. 247, 249 (1961); *Binder* v. *Binder,* 7 Mass. App. Ct. 751, 754 (1979), to withstand the wife's motion to dismiss for failure to state a claim upon which relief could be granted. Mass.R.Don.Rel.P. 12(b)(6) (1975). We therefore reverse the order dismissing the complaint.

The divorce judgment provided that the husband would pay the wife $275 per week for support, as well as make the payments to maintain the wife's health insurance; it further provided that the husband would pay the wife $25,000 to enable her to set up new living accommodations, and an additional $12,000 for attorney's fees. More than one year after judgment was entered, the husband filed a complaint for modification, alleging a change of circumstances resulting from the wife's removal from the marital home of certain household furniture and other personal property belonging to the husband. The husband sought to have the judgment modified to allow him to deduct $175 per week from the support payments until the total of withheld payments equalled the value of the personal property which had been removed from the house. On February 18, 1981, a probate judge (other than the one who had made the original judgment) allowed the wife's motion to dismiss for failure to state a claim upon which relief could be granted. Mass.R.Dom.Rel.P. 12(b)(6). The judge reasoned that since the divorce judgment had not specifically awarded such property to the husband, the wife's removal of that property could not be considered a change of circumstances which would support a modification of the judgment. The record failed to reflect the judge's order, however, and on March 18, 1981, the judge entertained the husband's complaint for clarification of the February proceedings. At that time, the judge again allowed the wife's motion to dismiss. The husband now appeals from the judgment dismissing his complaint for modification.

We note that subsequent to this appeal the husband filed a motion for clarification of the original divorce judgment. He alleged that, while the court had made a factual finding that "the house, owned by Milton, came from his first marriage, along with most of the furniture and furnishings therein," the judgment nevertheless had not specifically disposed of such property. The husband stated in his motion that the property had a value in excess of $48,000, and he requested the court to clarify which party was entitled to possession of the property under the divorce judgment. The motion was allowed on October 13, 1981, at which time the same judge who had issued the original divorce judgment noted that "the home and its furniture and furnishings are the property of Milton H. Blieden." This order was later vacated, however, on the ground that the husband's lawyer had not informed the wife's lawyer of the date for which argument was scheduled, thus preventing the wife from presenting her opposition to

the motion. Finally, on December 23, 1981, the judge allowed the husband's renewed motion for clarification, this time stating that "[t]he court had no evidence as to ownership of specific items of furniture or furnishings, therefore the judgment did not deal with these items."

The legal principles governing our disposition of this case are well settled. A motion to dismiss under rule 12(b)(6) should not be allowed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on such a motion, all inferences are to be taken in the plaintiff's favor. *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). *Sheffield Progressive, Inc.* v. *Kingston Tool Co.*, 10 Mass. App. Ct. 47, 48 (1980). In determining whether the husband's complaint states a valid claim for modification of the divorce judgment under G. L. c. 208, § 37, we must consider whether the facts as alleged indicate a material change of circumstances in the needs or resources of the parties since the entry of the earlier judgment. See *Robbins* v. *Robbins*, 343 Mass. at 249; *Binder* v. *Binder*, 7 Mass. App. Ct. at 754; *Pagar* v. *Pagar*, 9 Mass. App. Ct. 1, 2 (1980). "Absent a change in circumstances, such a modification is unwarranted." *Mead* v. *Mead*, 2 Mass. App. Ct. 338, 340 (1974). The court's power to modify is "broad and general," *O'Brien* v. *O'Brien*, 325 Mass. 573, 576 (1950); in determining whether there is reason for modification, the court may "consider any change in the position of the parties and any supervening facts, and make such order as justice requires," *Coe* v. *Coe*, 320 Mass. 295, 306 (1946).

Viewing this case in light of the foregoing legal standards, we conclude that the husband's complaint for modification should not have been dismissed. If found to be true, the husband's allegations about the removal of his property describe a "change of circumstances" which might induce a court to modify the earlier judgment. In deciding that the husband's allegations are sufficient to withstand a motion to dismiss, we consider it irrelevant that the divorce judgment had not specifically disposed of the furniture and other personal property in question; even if the earlier judgment "did not deal with these items," the complaint nevertheless states a cognizable claim that certain supervening facts since that judgment have resulted in a change in the parties' circumstances.

Having decided that the husband's complaint for modification may proceed beyond the pleading stage, we do not consider whether the alleged change of circumstances warrants modification of the earlier judgment or whether that judgment should, indeed, be modified.

*Judgment reversed.*

*David C. Williams* for Milton H. Blieden.
*Barbara H. Cane* for Irene F. Blieden.